99 N.J. Super. 224 (1968)
239 A.2d 249
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHESTER S. KENDERSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1968.
Decided January 29, 1968.
*225 Before Judges SULLIVAN, FOLEY and LEONARD.
*226 Mr. Frederic C. Ritger, Jr., argued the cause for appellant (Messrs. VanRiper & Belmont, attorneys).
Mr. Joseph A. Hoffman, Assistant Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Virginia Long Annich, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Defendant was convicted in the Bergen County District Court of driving while under the influence of intoxicating liquor, a violation of N.J.S.A. 39:4-50(a). As a second offender under the statute he was sentenced to three months in jail and his driver's license was revoked for a period of ten years. On appeal to the Bergen County Court, on a trial de novo on the transcript, defendant was again found guilty and the same sentence was imposed. This is an appeal from the latter judgment of conviction.
Defendant was arrested on December 17, 1966 at approximately 3:30 A.M. on the Garden State Parkway. A state trooper on patrol observed defendant driving north at approximately 35 miles an hour in a 60-mile zone, cutting sharply back and forth across the center line of the two northbound lanes and obstructing the flow of traffic that was trying to pass him northbound. The trooper had defendant pull to the side of the road. He then went over to defendant's car and asked to see his license and registration. Defendant fumbled through his wallet but was unable to find them. The trooper noticed that defendant's face was flushed, his speech slurred, and his eyes glassy. He also noticed a distinct odor of alcohol on the defendant's breath. Defendant was placed under arrest and brought back to headquarters in the police car. In getting out of the car and entering the police station defendant appeared to be unsteady on his feet and was assisted by the trooper, who later testified that as a result of his observations of defendant he thought defendant was under the influence of alcohol.
*227 At the station defendant was asked to submit to a breatholizer test. He was advised that no test would be taken forcibly and against physical resistance, but that if he refused, it might result in the loss of his driving privileges. Defendant said he would take the test, and in connection therewith, and in answer to questions propounded to him, stated that he had had five or six drinks in an establishment in East Orange which he was unable to name. He said that he had had his first drink at 1 A.M. and his last drink at approximately 3:30 A.M. The drunkometer reading showed defendant to have .204% by weight of alcohol in his blood.
The foregoing evidence, which was used at the trial, falls into three separate categories: (1) the observations of the police officer concerning defendant's physical appearance and actions, and his opinion as to defendant's condition; (2) defendant's admissions and statements made while in custody, and (3) the breatholizer test and reading.
Defendant did not challenge the admissibility of the evidence in the first category, namely, the testimony by the police officer as to defendant's physical appearance and actions, and his opinion as to defendant's condition. However, with regard to the second and third categories defendant urged at his trial and argues on appeal that this evidence was inadmissible because it was obtained from him while he was in custody and without any admonition being given him that:
(1) he had the right to remain silent,
(2) anything he said could be used against him in a court of law,
(3) he had the right to the presence of an attorney, and
(4) if he could not afford an attorney one would be appointed for him prior to any questioning, if he so desired, as required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Both courts below held that the Miranda rule did not extend to a proceeding under the Motor Vehicle Act and refused to exclude the challenged evidence.
*228 Miranda is a development in our criminal law. Its mandate is that an accused or suspect in a criminal case may not be subjected to custodial interrogation unless and until he has been given the fourfold warning specified. The sanction of Miranda is that any testimonial utterance by a person obtained in violation of its mandate may not be used in evidence at the criminal trial.
The scope of Miranda has not yet been clearly delineated. Courts are now being called upon to decide the extent of its application and, in particular, whether it controls in quasi-criminal and penalty proceedings.
The problem is discussed at some length in State v. Zucconi, 93 N.J. Super. 380 (App. Div. 1967), affirmed 50 N.J. 361 (1967), an appeal from a conviction of careless driving. There we held that Miranda would not be given retroactive application. We held further that, in any event, there had been no custodial interrogation of defendant so that Miranda was not involved, even if otherwise applicable. We also indicated that Miranda should not extend to a prossecution for careless driving under the Motor Vehicle Act where the only penalty imposed was a fine. However, the Supreme Court, while it affirmed our ruling on the merits, specifically declined to consider the applicability of Miranda to motor vehicle cases in general.
We find it unnecessary to decide the Miranda issue in the instant case. Here defendant's admissions as to his driving and drinking were beyond any reasonable doubt inconsequential factors in the overall case. The observations of the police officer as to defendant's appearance and actions and his opinion as to defendant's condition, and the results of the breatholizer test, were without question the controlling evidence on the finding of intoxication. Defendant's admissions added nothing of substance to the proofs.
Defendant argues that breatholizer evidence is subject to the Miranda rule, but clearly this is not the law. Miranda is bottomed on the privilege against self-incrimination and bars the use of communications by or testimonial utterances *229 of a person unless and until the four-fold warning has been given and applied. A breatholizer test is unrelated to a communication by the subject. Rather, it is a search of the person and therefore subject only to the question of reasonableness. Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Swiderski, 94 N.J. Super. 14 (App. Div. 1967).
Defendant also argues that, aside from the strict applicability of Miranda to breatholizer test evidence, he should have been advised of his right to counsel at the time he was asked to submit to such test. His contention is that, under the statute, he had a right to refuse to submit to the test, and meaningful exercise of that right would require consultation with counsel and advice as to the alternatives faced by him.
We do not agree. The original statute provided that no test to determine the amount of alcohol in the blood could be made or taken "unless expressly consented to, or requested by, the defendant." L. 1951, c. 23, p. 76, § 30. However, by L. 1966, c. 142, § 1 (N.J.S.A. 39:4-50.1) this language was stricken, and at the same time there was added to the statute the following provision:
"(a) Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood; provided, however, that the taking of samples is made in accordance with the provisions of this act and at the request of a police officer who has reasonable grounds to believe that such person has been operating a motor vehicle in violation of the provisions of section 39:4-50 of the Revised Statutes.

* * * * * * * *
(e) No chemical test, as provided in this section, or specimen necessary thereto, may be made or taken forcibly and against physical resistance thereto by the defendant." L 1966, c. 142, § 2 (N.J.S.A. 39:4-50.2).
If any driver refuses to submit to a test, his driving privileges are subject to revocation for a period of six months *230 by the Director of Motor Vehicles "independent of any revocation imposed by virtue of a conviction under the provisions of section 39:4-50 of the Revised Statutes." L. 1966, c. 142, § 4 (N.J.S.A. 39:4-50.4).
We conclude that defendant had no legal right to refuse to take the breatholizer test since his very driving upon the highway acted as his consent to the taking of samples of his breath under the circumstances here presented. It is true that no test can be made or taken forcibly and against physical resistance; a driver can refuse to submit to the test, but such refusal is a wrongful act for which an additional penalty is provided under the statute.
Since defendant had no legal option in the matter, "No issue of counsel's ability to assist petitioner in respect of any rights he did possess is presented." Schmerber, supra, 384 U.S., at 766, 86 S.Ct., at 1833.
We have considered defendant's two remaining points and find them to be without merit.
Affirmed.