723 P.2d 728

**The STATE of Arizona, Petitioner/Appellant,**

v.

**The CITY COURT OF the CITY OF TUCSON, the Honorable Rita Jett, a Magistrate thereof, Respondent,**

and

**John Otto MARTIN, Real Party in Interest.**

**No. 2 CA–CIV 5685.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 1, 1986.

Frederick S. Dean, City Atty. by R. William Call, Tucson, for petitioner/appellant.

Law Office of William Redondo by Patrick C. Hurd, Tucson, for real party in interest.

BIRDSALL, Judge.

The state appeals from the superior court's denial of its requested special action relief. The real party in interest, John Otto Martin, was charged in Tucson City Court with driving under the influence of intoxicating liquor and driving with a blood alcohol level of over .10%. Because the police officer did not permit Martin to telephone an attorney prior to his decision to take an intoxilyzer test, the city court magistrate made a pretrial ruling suppressing the results of the test. That ruling was the subject of the special action in the superior court.

The city court ruling was contrary to well established law; the superior court should have taken jurisdiction and granted relief. We reverse and remand to the city court with directions to vacate the suppression order.

Since our supreme court decided *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971), it has been the law in Arizona that a person is not entitled to the assistance of an attorney prior to deciding

whether to submit to a blood alcohol test. Apparently both the magistrate and the superior court judge believed that *Campbell* was somehow changed by *State v. Holland*, 147 Ariz. 453, 711 P.2d 592 (1985). We do not believe it was. *Holland* turned on its own unique facts and, as we understand it, holds only that when a defendant is consulting with his attorney, he may do so in private. A violation of this right to counsel by the state may result in a sanction including even dismissal of the charge against him.

No such facts are present here. Upon being taken to police headquarters and read the implied consent law, A.R.S. § 28–691, Martin requested that he be allowed to speak with an attorney prior to deciding whether to submit to the test. He was told he had no right to the assistance of an attorney prior to deciding whether to take the test. He then took the test. The officer's refusal to let him try to reach an attorney was the basis for the suppression ruling.

We have purposely not relied upon other facts urged by the state because we do not think they are necessary under *Campbell* and we believe the law should remain as clear as we think it is. For example, Martin had no particular attorney he intended to call; the officer was observing him for a required 20–minute period prior to the test and this observation might have been disturbed if Martin had made the phone call(s); after the test was completed, Martin was permitted to look through the phone directory while the officer did paperwork and then Martin was released. Although these facts may constitute reasons for the continuing validity of the law, they are not necessary to our decision. Nor was the delay that might be caused by waiting for counsel the reason for the *Campbell* decision. The reasoning of *Campbell* was that because a person had no right to refuse a chemical test, only the physical power to do so, there was no decision to be made with which counsel could assist.

Reversed and remanded with directions.

LIVERMORE, P.J., and FERNANDEZ, J., concur.