744 P.2d 669

**Ronald James KUNZLER,
Petitioner/Appellant,**

v.

**PIMA COUNTY SUPERIOR COURT
and the Hon. Robert B. Buchanan,
a Judge thereof, Respondents,**

and

**CITY ATTORNEY'S OFFICE, Real
Party in Interest/Appellee.**

No. CV 87-0094-PR.

Supreme Court of Arizona,
In Banc.

Sept. 24, 1987.

Reconsideration Denied Nov. 17, 1987.

Stephen Paul Barnard, P.C. by Stephen Paul Barnard, Tucson, for petitioner/appellant.

Frederick S. Dean, Tucson City Atty. by R. William Call, George W. Bromley and Lola C. Rainey, Asst. Tucson City Attys., Tucson, for real party in interest/appellee.

CAMERON, Justice.

This is a petition for review filed by Ronald Kunzler asking that we set aside a memorandum decision of the Arizona Court of Appeals, Division Two, which affirmed petitioner's conviction of driving while under the influence of intoxicating liquor (DWI). A.R.S. § 28-692. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and 17A Ariz.R.Civ.App.P., Rule 23.

We need answer only one question: does a person arrested for driving under the influence of intoxicating liquor have the right to consult with an attorney before taking a chemical breath test when such consultation would not delay or interfere with the investigation or the taking of the test?

## FACTS

The facts, as taken from the extensive order of the city magistrate, are not in dispute. The defendant's automobile was observed by City of Tucson police officers in the middle of the street at 11:40 p.m. with its lights off. Defendant was talking to someone standing beside the vehicle. As the police approached, the defendant's car, still with the lights off, began moving.

After the police officers turned on the police emergency lights, the defendant's vehicle stopped. After taking a field sobriety test, defendant was arrested at 11:50 p.m. for driving while under the influence of intoxicating liquor, pursuant to A.R.S. § 28–692. After being read his *Miranda* warnings and the Arizona implied consent law, A.R.S. § 28–691, defendant requested an opportunity to speak to his attorney. The officer advised the defendant that he was not entitled to counsel during the investigation.

To determine defendant's blood alcohol content, the police used a portable intoxilyzer unit. The unit required nearly an hour to warm up. During this time the defendant continued to request that he be allowed to call an attorney. At 12:40 a.m., defendant twice attempted to blow into the intoxilyzer unit. Defendant refused to attempt the test again. Defendant was released at 12:50 a.m. and he left in a taxi cab.

The city magistrate, in ruling against defendant's allegation that he had the right to counsel before taking the test, relied on three prior cases of this court. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971); *McNutt v. Superior Court*, 133 Ariz. 7, 648 P.2d 122 (1982); *State v. Holland*, 147 Ariz. 453, 711 P.2d 592 (1985). She held that *McNutt* did not apply and "since *Holland* expressly denies, in its language, that *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971) is overturned, then *Campbell* is still the law." Construing *Campbell*, the magistrate denied defendant's motion to dismiss.

Defendant filed a special action in superior court, which was denied. Defendant then filed a petition for special action in the Court of Appeals, Division Two. The court of appeals affirmed the superior court and the city court stating, "We recently reaffirmed the well-established law in the State of Arizona that a person is not entitled to the assistance of an attorney prior to deciding whether to submit to a blood alcohol or breath test." *State v. City Court of Tucson*, 150 Ariz. 379, 723 P.2d 728 (App.1986). The court of appeals also

based its decision on *Campbell*. We granted the defendant's petition for review because we believe that *Campbell* had been misconstrued.

## DISCUSSION

[1] We start with the premise that a person is always entitled to the assistance of an attorney whether in custody or not. Of course, if he is not in custody, he may exercise that right when and where he wishes. If he is in custody, he may still exercise his right to an attorney and the state may not unreasonably restrict that right. Indeed, Rule 6.1(a) of the Rules of Criminal Procedure, 17 A.R.S., recognizes the federal and state constitutional right to counsel:

> **Rule 6.1  Rights to counsel; waiver of rights to counsel**
>
> **a.  Right to be Represented by Counsel.** A defendant shall be entitled to be represented by counsel in any criminal proceeding, except in those petty offenses such as traffic violations where there is no prospect of imprisonment or confinement after a judgment of guilty. The right to be represented shall include the right to consult in private with an attorney, or his agent, as soon as feasible after a defendant is taken into custody, at reasonable times thereafter, and sufficiently in advance of a proceeding to allow adequate preparation therefor.

It is only when the exercise of that right will hinder an ongoing investigation that the right to an attorney must give way in time and place to the investigation by the police. *McNutt, supra; Holland, supra.* This arises most frequently in DWI cases because of the "unique evidentiary circumstances attendant to DWI arrests", *Montano v. Superior Court*, 149 Ariz. 385, 389, 719 P.2d 271, 275 (1986).

In the instant case, *Campbell* is cited as authority for the proposition that a defendant is not entitled to an attorney before taking a breathalyzer test. In *Campbell*, the defendant refused to take a chemical test of his breath. No demand was made by the defendant to confer with his attorney. After the motor vehicle division sus-

570

pended defendant's license and the superior court upheld that suspension, the defendant brought a petition for special action in this court claiming, among other things, that a person has "a right to the assistance of counsel in deciding whether or not to submit to a chemical breath test" as required by the implied consent law. In *Campbell*, we stated:

It is the opinion of this court that respondent was not entitled to the assistance of counsel in deciding whether or not to submit to the breathalyzer test. See *State v. Petkus*, [110 N.H. 394] 269 A.2d 123 (S.Ct.N.H.1970); *State v. Kenderski*, 99 N.J.Super. 224, 239 A.2d 249 (1968).

*Campbell*, 106 Ariz. at 550, 479 P.2d at 693.

■ *Campbell*, however, concerned the civil revocation of a license for failure to take a breathlyzer. It was not a criminal matter. Since *Campbell*, we have made clear that in criminal cases, while the accused does not have the right to interrupt a continuing investigation in order to consult with an attorney, if there is no disruption of the investigation, the defendant may exercise the right to counsel.

We agree with the Court of Appeals of New York, which said, "[L]aw enforcement officials may not, without justification, prevent access between the criminal accused and his lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand." In the instant case, the state offered no justification for denying petitioner's request to call his attorney, the attorney was available by telephone, and petitioner's call would not have unduly delayed the DWI investigation and arrest.

*McNutt*, 133 Ariz. at 9–10, 648 P.2d at 124–25 (citations omitted).

■ In the instant case, the machine took almost an hour to "warm up." Assuming that the field sobriety test and paperwork took less than fifteen minutes, defendant may have had sufficient time to call his attorney without hindering the investigative process. The record is silent on this issue as the city magistrate did not address this matter. The matter will have to be remanded to the city magistrate for a finding as to whether there was a reasonable opportunity for the defendant to consult with his attorney by telephone without interfering with the ongoing investigation of his alleged offense. If the magistrate finds that defendant was unnecessarily denied his right to consult his attorney, any evidence obtained following this violation of defendant's right to counsel must be suppressed.

The memorandum decision of the court of appeals is vacated, defendant's conviction is set aside, and the matter is remanded to the court of the City of Tucson for further proceedings consistent with this opinion.

GORDON, C.J., and HOLOHAN and MOELLER, JJ.

FELDMAN, Vice Chief Justice, specially concurring.

I concur in the court's opinion insofar as the court bases its holding regarding the right to consult counsel before defendant is taken into custody on independent state grounds rather than on federal grounds.