744 P.2d 675

STATE of Arizona, Petitioner,

v.

SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF PIMA; Honorable Bernardo Velasco, a judge thereof; and Michael J. Ahrens, Real Party in Interest, Respondents.

No. CV 87–00062–SA.

Supreme Court of Arizona, In Banc.

Oct. 1, 1987.

Reconsideration Denied Nov. 17, 1987.

Frederick S. Dean, Tucson City Atty. by R. William Call and Lola C. Rainey, Asst. Tucson City Attys., Tucson, for petitioner.

Stephen Paul Barnard, Tucson, for real party in interest.

CAMERON, Justice.

## I.

Defendant, Michael J. Ahrens, was convicted in the municipal court of the city of Tucson of driving while under the influence of intoxicating liquor. The superior court of Pima County, Hon. Bernardo P. Velasco, granted defendant's motion to reverse and the state brought a petition for special action to this court. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and Ariz.R.Sp.Act. 8, 17A A.R.S.

## II.

We consider only one question:

May the defendant's refusal to take a blood alcohol test pursuant to the Arizona implied consent statute be used as evidence against him in a subsequent criminal trial for driving while under the influence of intoxicating liquor?

## III.

The facts necessary for determination of this matter are as follows. On 4 December 1985, the defendant was arrested for violation of A.R.S. § 28–692(A) and (B) (driving while under the influence of intoxicating liquor and driving with a blood alcohol content of 0.10 per cent or more). The officer transported the defendant to the police station for the purpose of administering an intoxilyzer test. At the station house, the defendant was read portions of the implied consent law as follows:

Arizona law requires you to submit to a breath test to determine the alcoholic content of your blood. If you refuse to submit to this test, your license or permit to drive will be suspended for twelve months. You are therefore requested to submit to a breath test. Unless you expressly agree to take the test, I will consider you are refusing. You will not be allowed to call an attorney before deciding if you will take this test.[1]

However, after you take the test, you may then telephone an attorney or a friend if you choose. If you decide [not] to take the test, you will still be allowed to telephone an attorney, but your refusal will still result in the suspension of your license or permit to drive for twelve months.

Will you submit to the test?

Defendant was not advised that his refusal to take the test could also be used as evidence against him in a criminal prosecution. Defendant was most uncooperative and did not answer directly the many questions asked by the police officers. It is apparent that he did refuse to submit to the chemical breath test and the officer so found.

At trial, the prosecuting attorney in his opening remarks to the jury, pointed out that defendant declined to take the chemical breath test. A witness was allowed to testify that the defendant refused to take the chemical breath test. In closing argument, the prosecutor again commented on defendant's refusal to take a chemical breath test.

Based on A.R.S. § 28–692(K), the judge instructed the jury as follows:

If a person under arrest refuses to submit to an Intoxilyzer test, evidence of such refusal shall be admissible in any *criminal* action arising from the acts alleged to have been committed while the person was driving or in actual physical control of the motor vehicle within this State while under the influence of intoxicating liquor. The issue of refusal shall be an issue of fact to be determined by you, the jury.

After defendant was found guilty, he brought a special action to the superior court which granted his request for a new trial. The superior court stated, "The defendant is entitled to a new trial without

1. This may have been bad advice. *See Kunzler v. Superior Court,* 154 Ariz. 568, 744 P.2d 669 (1987). However, since the issue is not raised by defendant, we do not consider it at this time.

**576**

the introduction of any evidence of his refusal." We accepted jurisdiction of the state's petition for special action because of the statewide importance of the question and because of the confusion as to the applicability of this statute in criminal cases.

## IV.

▮ The implied consent law was enacted to remove drunk drivers from the highway. The state may stop a suspected drunk driver, conduct an intoxilyzer test and, using such evidence legally obtained, seek a criminal conviction for driving while under the influence of intoxicating liquor. If the driver refuses to consent to the taking of a chemical breath test, he may also suffer the civil penalty of losing his license for a year. *State v. Arizona Department of Transportation*, 146 Ariz. 430, 706 P.2d 756 (1985). It should be emphasized that revocation of a license for refusing to take a chemical breath test pursuant to Arizona's implied consent law, A.R.S. § 28–691, is a civil proceeding and not criminal in nature. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971). Evidence of this refusal may also be used in a civil action arising out of an automobile accident. The question we have before us is whether evidence of the defendant's refusal to take a chemical breath test is admissible in a subsequent criminal trial for driving while under the influence of intoxicating liquor.

▮ The state contends that A.R.S. § 28–692(K) allows evidence of an accused's refusal to take an intoxilyzer test to be admitted in a later criminal trial. Indeed, the statute does say that "evidence of refusal shall be admissible in any criminal action." We do not believe, however, that the legislature has the power to make such statement admissible.

This is a rule of evidence and rules of evidence are procedural in nature. *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 590, 691 P.2d 678, 681 (1984). Our state constitution grants to the Arizona Supreme Court the "[p]ower to make rules relative to all procedural matters in any court."

Ariz. Const. Art. 6, § 5(5). Admittedly, the "rules promulgated by this Court can only effect procedural matters and may not diminish or augment substantive rights." *State v. Birmingham*, 95 Ariz. 310, 316, 390 P.2d 103, 107 (1964). The legislature makes substantive law. "[T]he substantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion. It is often said the adjective law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective." *State v. Birmingham*, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964).

In *State v. Seidel, supra*, we stated that the court's possession of rule-making power does not mean that the court will never recognize a statutory rule of procedure. 142 Ariz. at 591, 691 P.2d at 682. In those instances, the court will look to how "reasonable and workable" the statutes are in relation to court-promulgated rules. *Id.* The court added, however, that it "must draw the line" whenever a conflict arises or when a statutory rule "tends to engulf" a court-made rule. *Id.* The court held that the "legislature cannot repeal the Rules of Evidence or the Rules of Civil Procedure made pursuant to the power provided us in [Arizona Constitution] article 6, § 5." *Id.* See also *State v. Robinson*, 153 Ariz. 191, 735 P.2d 801 (1987).

The question then is whether the United States and Arizona Constitutions allow the refusal to submit to a blood alcohol test as required by Arizona's implied consent law to be used in a later criminal trial against the defendant. Assuming this statement is testimonial in nature, there is no question that it would be inadmissible as a violation of Art. 2, § 10 of the Arizona Constitution and the fifth amendment of the U.S. Constitution. There is, however, no general agreement as to whether the refusal is testimonial.

In *State v. Neville*, 312 N.W.2d 723 (S.D. 1981), the Supreme Court of South Dakota held that the statute providing for admissi-

bility of evidence of a person's refusal to submit to a blood alcohol test at a later trial for DUI violated both the state and federal constitutional privileges against self-incrimination. The court stated:

> To determine whether the Fifth Amendment privilege against self-incrimination applies to refusal evidence, this court must first examine whether a defendant's refusal to take a chemical analysis test is a communicative act involving that person's testimonial capacities or if it is real or physical evidence which does not fall within the privilege. Evidence of a defendant's refusal to submit to a blood test is relevant only because it infers that defendant refused to take the blood test because of his fear as to whether he would pass it. *Dudley v. State*, 548 S.W.2d 706 (Tex.Crim.App. 1977). A defendant's silence or refusal to submit to a requested blood test is a tacit or overt expression and communication of defendant's thoughts. *Dudley v. State, supra.* To this extent the evidence may be characterized as "communicative or testimonial" rather than "real or physical" evidence that simply describes an existing physical characteristic.

*State v. Neville*, 312 N.W.2d at 725–26.

The defendant's conviction was reversed. The state appealed to the United States Supreme Court which reversed the state court, holding that the federal constitution did not prevent the introduction at a criminal trial of evidence of defendant's refusal to take a chemical breath test. Justice O'Connor, author of the Court's opinion, stated:

> We recognize, of course, that the choice to submit or refuse to take a blood-alcohol test will not be an easy or pleasant one for a suspect to make. But the criminal process often requires suspects and defendants to make difficult choices. We hold, therefore, that a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination.

*South Dakota v. Neville*, 459 U.S. 553, 565, 103 S.Ct. 916, 922–23, 74 L.Ed.2d 748 (1983) (footnote omitted) (citation omitted). Justice O'Connor also noted:

> Most courts applying general Fifth Amendment principles to the refusal to take a blood test have found no violation of the privilege against self-incrimination. Many courts, following the lead of Justice Traynor's opinion for the California Supreme Court in *People v. Sudduth*, 65 Cal.2d 543, 55 Cal.Rptr. 393, 421 P.2d 401 (1966), cert. denied, 389 U.S. 850, 88 S.Ct. 43, 19 L.Ed.2d 119 (1967), have reasoned that refusal to submit is a physical act rather than a communication and for this reason is not protected by the privilege. As Justice Traynor explained more fully in the companion case of *People v. Ellis*, 65 Cal.2d 529, 55 Cal.Rptr. 385, 421 P.2d 393 (1966) (refusal to display voice not testimonial), evidence of refusal to take a potentially incriminating test is similar to other circumstantial evidence of consciousness of guilt, such as escape from custody and suppression of evidence. The court below, relying on *Dudley v. State*, 548 S.W.2d 706 (Tex.Cr.App. 1977), and *State v. Andrews*, 297 Minn. 260, 212 N.W.2d 863 (1973), cert. denied, 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed.2d 121 (1974), rejected this view. This minority view emphasizes that the refusal is 'a tacit or overt expression and communication of defendant's thoughts,' 312 N.W.2d, at 726, and that the Constitution 'simply forbids any compulsory revealing or communication of an accused person's thoughts or mental processes, whether it is by acts, failure to act, words spoken or failure to speak.' *Dudley, supra*, 548 S.W.2d, at 708.

*South Dakota v. Neville*, 459 U.S. at 561–62, 103 S.Ct. at 921, (footnote omitted). The Court remanded *Neville* to the Supreme Court of South Dakota.

Upon remand, the South Dakota court reaffirmed its earlier holding: "[a] defendant's silence or refusal to submit to a requested blood test is a tacit or overt expression and communication of defendant's thoughts." *State v. Neville*, 346 N.W.2d 425, 429 (S.D.1984). Therefore, that court

578

found that defendant "Neville's refusal to submit to a blood test is evidence of a testimonial nature and thus within the protection of the privilege against self-incrimination". *Id.*

This was not, however, the last of the South Dakota Supreme Court's consideration of this question. In a case concerning the admissibility of evidence of a defendant's refusal to take a blood alcohol test as well as a field sobriety test, the court stated:

> This case presents an opportunity to correct the error we made in *State v. Neville*, 312 N.W.2d 723 (S.D.1981) (*Neville I*); and in *State v. Neville*, 346 N.W.2d 425 (S.D.1984) (*Neville II*). That error was our holding that "Neville's refusal to submit to a blood test is evidence of a testimonial nature and thus within the protection of the privilege against self-incrimination." 346 N.W.2d at 429. We should have limited our holding to the ground relied upon by the United States Supreme Court, i.e., that the statute requiring a motorist to choose between agreeing to submit to a chemical test of his blood and thereby giving evidence against himself or refusing to take the test and suffering the consequences of that refusal does not involve unconstitutional coercion within the meaning of the Fifth Amendment. *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

*State v. Hoenscheid*, 374 N.W.2d 128, 129–30 (S.D.1985).

### V.

▮ We agree with the latest position of the South Dakota Supreme Court. Admittedly, classifying a refusal to act as testimony may be logical as far as a defendant is concerned. We hold, however, that refusal to take a chemical breath test is not testimonial evidence but physical evidence only and therefore admissible at a criminal trial for DUI. *South Dakota v. Neville, supra.*

The decision of the trial court is set aside and the matter remanded with directions to reinstate the judgment.

GORDON, C.J., FELDMAN, V.C.J. and HOLOHAN and MOELLER, JJ., concur.