892 P.2d 205

STATE of Arizona, Appellant,

v.

Vincent KEYONNIE, aka Alvin Keyonnie, Appellee.

No. 1 CA–CR 93–0469.

Court of Appeals of Arizona, Division 1, Department B.

March 14, 1995.

Melvin R. Bowers, Jr., Navajo County Atty. by Joel H. Ruechel, Deputy County Atty., Holbrook, for appellant.

Dan L. Jones, Pinetop, for appellee.

## OPINION

EHRLICH, Judge.

The state appeals the trial court's dismissal with prejudice of the charges pending against Vincent Keyonnie ("defendant"). Because we find that the trial court erred, we reverse and .remand.

### FACTS AND PROCEDURAL HISTORY

At approximately 4:40 a.m. on May 24, 1992, Officer Steve Garnett of the Winslow Police Department found the defendant asleep behind the wheel of a 1990 Chevrolet pickup, its lights on and the engine running. Recognizing the defendant from earlier encounters, and recalling that his driver's license was suspended, Officer Garnett arrested the defendant. The officer also noted the distinct odor of alcohol and the defendant's slurred speech and difficulty standing. The defendant was taken to the Winslow Police Department and read his *Miranda* rights.[1] The defendant responded: "Lawyer present today, right now."

Despite the request for an attorney, Officer Garnett continued processing the defendant. He advised him of the Implied Consent Law, Ariz.Rev.Stat.Ann. ("A.R.S.") section 28–691, and, after waiting the required twenty-minute observation period,[2] adminis-

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** Formerly A.R.S. § 28–692.03(A)(3), renumbered as § 28–695(A)(3) by 1992 Sess.Laws, ch. 330 §§ 24, subsec. B, 26.

tered an Intoxilyzer Breath Test. The test showed the defendant's blood-alcohol concentration ("BAC") to be .166%. The defendant was also informed of his right to obtain an independent blood test, a right that he stated he wished to exercise. Officer Garnett then released the defendant and drove him to a hospital in Winslow so that he might arrange for the blood test. Approximately 30 to 35 minutes elapsed between the time the defendant requested an attorney and his release.

The defendant was charged with one count of aggravated driving under the influence of intoxicating liquor ("DUI") and on a suspended license, a class 5 felony,[3] and one count of aggravated driving with a BAC of .10% or more, also a class 5 felony.[4] At the pre-trial voluntariness hearing, Officer Garnett testified that he did not believe that he had provided the defendant with an opportunity to contact an attorney. The trial court found that the defendant had requested an attorney, that he was not provided an occasion to contact one and that contacting an attorney prior to the administration of the breath test would not have interfered with the officer's investigation. The court also stated that there was no evidence indicating that the officer had interfered with the defendant's efforts to obtain exculpatory evidence nor was there any showing that any exculpatory evidence was lost or destroyed during the 30 to 35 minute period at issue. Nonetheless, based upon the decisions in *McNutt v. Superior Court*, 133 Ariz. 7, 648 P.2d 122 (1982), and *State v. Holland*, 147 Ariz. 453, 711 P.2d 592 (1985), the court dismissed both counts with prejudice, ruling that dismissal, and not suppression of the breath test, was the remedy for the violation of the defendant's Sixth Amendment right to counsel. The state timely appealed.

3. A.R.S. §§ 28–692(A)(1) and former 28–692.02(A)(2). Section 28–692.02 was renumbered section 28–697 by 1992 Sess.Laws ch. 330, §§ 24, subsec. A, 28.

4. A.R.S. §§ 28–692(A)(2) and former 28–692.02(A)(2). *See* n. 3 *supra*.

5. Rule 6.1(a) at the time provided:

    a. **Right to be Represented by Counsel.** A defendant shall be entitled to be represented by

*DISCUSSION*

■ On appeal, the state concedes that Officer Garnett interfered with the defendant's right to counsel but argues that the remedy for that violation should be suppression of the breath test results and not dismissal of the charges with prejudice. We agree.

The right to counsel triggered in this case is that found in Arizona Rule of Criminal Procedure 6.1(a), which recognizes the federal and state constitutional right to counsel.[5] The Arizona Supreme Court has made it clear that, in a criminal DUI case, "[i]t is only when the exercise of that right will hinder an ongoing investigation that the right to an attorney must give way in time and place to the investigation by the police." *Kunzler v. Pima County Superior Court*, 154 Ariz. 568, 569, 744 P.2d 669, 670 (1987) (citations omitted). *Accord State v. Juarez*, 161 Ariz. 76, 80, 775 P.2d 1140, 1144 (1989). Quoting its earlier decision in *McNutt*, the court in *Kunzler* stated:

> We agree with the Court of Appeals of New York, which said, "(L)aw enforcement officials may not, without justification, prevent access between the criminal accused and his lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand." In the instant case, the state offered no justification for denying petitioner's request to call his attorney, the attorney was available by telephone, and petitioner's call would not have unduly delayed the DWI investigation and arrest.

154 Ariz. at 570, 744 P.2d at 671 (*quoting McNutt*, 133 Ariz. at 9–10, 648 P.2d at 124–25 (citations omitted)). Given Officer Garnett's testimony at the pre-trial voluntariness

counsel in any criminal proceeding, except in those petty offenses such as traffic violations where there is no prospect of imprisonment or confinement after a judgment of guilty. The right to be represented shall include the right to consult in private with an attorney, or his agent, as soon as feasible after a defendant is taken into custody, at reasonable times thereafter, *and sufficiently in advance of a proceeding to allow adequate preparation therefor.*
The rule was amended in 1993 to make it gender neutral.

hearing, the state appropriately concedes that the defendant's right to counsel was violated. Having established a violation of defendant's right to counsel, we turn to the issue of the appropriate remedy.

█ The state accurately articulates the law when it posits that only when police conduct interferes with both the defendant's right to counsel and his ability to obtain exculpatory evidence is "[d]ismissal of the case with prejudice ... the appropriate remedy because the state's action foreclosed a fair trial by preventing [the defendant] from collecting exculpatory evidence no longer available." *McNutt,* 133 Ariz. at 10, 648 P.2d at 125. Correspondingly, when the interference with the defendant's right to counsel does not impinge upon his ability to collect exculpatory evidence, the appropriate remedy is suppression. This dichotomy is predicated upon statutory (A.R.S. § 28–692(H)) and constitutional due-process grounds which guarantee a DUI suspect the right to obtain an independent blood test. *See Montano v. Superior Court,* 149 Ariz. 385, 389, 719 P.2d 271, 275 (1986); *Smith v. Cada,* 114 Ariz. 510, 511–13, 562 P.2d 390, 391–93 (App.1977).

The trial court's reliance on *McNutt* and *Holland* to support dismissal in this case was misplaced. *McNutt* involved the trial court's dismissal of a DUI charge because the police had refused to allow McNutt to call his attorney and released him between two and two-and-one-half hours after being stopped. The supreme court upheld the dismissal because, based upon Rule 6.1(a), it found that the state's delay prevented McNutt or his attorney from obtaining an independent blood test and, thus, "foreclosed a fair trial by preventing petitioner from collecting exculpatory evidence." 133 Ariz. at 10, 648 P.2d at 125.

In *Holland,* the defendant was permitted to talk to his attorney over the telephone but in the presence of a police officer. The court ruled that the violation of the defendant's right to counsel, particularly his right to consult privately with his attorney, warranted dismissal because it prevented counsel from freely and effectively advising his client and thus effectively prevented the preparation of a defense. As in *McNutt,* the court in *Holland* was persuaded that "suppression of

the breath test alone [was] an inadequate remedy" because of the damage done to the defendant's chances of receiving a fair trial. 147 Ariz. at 456, 711 P.2d at 595.

The facts of the present case present a much different picture. No evidence indicates that the defendant was prevented by Officer Garnett's actions from gathering exculpatory evidence. Indeed, Officer Garnett not only advised the defendant of his right to an independent test, as he was bound to do, but then, upon releasing the defendant, drove him to the hospital to arrange for the test. The half-hour lapse in time from the initial contact between Officer Garnett and the defendant to when the defendant was released rightly was not interpreted by the trial court as interfering with the defendant's ability to gather evidence of his sobriety.

In sum, the situation presented is one where the defendant's right to counsel was admittedly violated but his ability to gather exculpatory evidence was not hindered. Accordingly, the appropriate remedy for such a violation is suppression of the breath test results. The trial court erred in dismissing the charges with prejudice.

## CONCLUSION

We reverse and remand for further proceedings consistent with this decision.

LANKFORD, P.J., and TOCI, J., concur.