**Fermin C. PEREZ, Petitioner–Appellant,**

v.

**PIMA COUNTY SUPERIOR, et al., Respondents–Appellees.**

No. 01–17272.

D.C. No. CV–99–522–TUC–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Nov. 6, 2002.

---

Before BALDOCK,* KLEINFELD,
and RAWLINSON, Circuit Judges.

MEMORANDUM**

Petitioner Fermin C. Perez appeals the
district court's order denying his petition
for a writ of habeus corpus following his
state court conviction of one count of ag-
gravated driving under the influence of
intoxicating liquor (DUI). *See* 28 U.S.C.
§ 2254. We have jurisdiction pursuant to
28 U.S.C. § 1291 and 28 U.S.C. § 2253.
We affirm.

## I.

On September 21, 1993, a Pima County
deputy sheriff stopped Petitioner for
speeding. Following field sobriety tests,
the deputy placed Petitioner under arrest
and advised him of his *Miranda* rights.
Petitioner immediately requested an attor-
ney. When asked if he would submit to a
chemical sobriety test, Petitioner replied
that he would take a blood test but wanted
an attorney present during the test. The

deputy informed Petitioner that he did not
have the right to have an attorney present
during the test, but could telephone an
attorney. Petitioner continued to insist on
having his attorney present for the blood
test. Interpreting Petitioner's insistence
as a refusal to submit to the test, the
deputy transported Petitioner to the Pima
County Jail and read Petitioner the Ari-
zona Implied Consent affidavit. The affi-
davit informed Petitioner of the deputy's
right to conduct chemical testing and the
consequences, under Arizona law, of Peti-
tioner's refusal to submit to testing. Peti-
tioner continued to insist on having his
attorney present.

An Arizona jury subsequently convicted
Petitioner of one count of aggravated driv-
ing under the influence of intoxicating li-
quor while his license was suspended, re-
voked, or in violation of a restriction, a
class four felony. On direct appeal, Peti-
tioner argued he was denied his Sixth
Amendment right to counsel when he was
not allowed to have counsel present prior
to submitting to a chemical sobriety test.
The Arizona Court of Appeals affirmed
Petitioner's conviction, and the Arizona Su-
preme Court and the United States Su-
preme Court denied certiorari. Petitioner
raised the same claim in his federal habeas
petition.[1] The district court denied Peti-
tioner's habeas petition, but granted his
request for a certificate of appealability.[2]

We review the district court's decision to
deny a § 2254 habeas petition de novo.

* Honorable Bobby R. Baldock, Circuit Judge
for the United States Court of Appeals for the
Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

1. Petitioner also raised two additional claims
on direct appeal and in his federal habeas
petition that are not at issue in this appeal.

2. At oral argument, Petitioner attempted to
raise additional Constitutional claims. The
District Court's certificate of appealability
was limited to Petitioner's Sixth Amendment
claim. Accordingly, this Court does not have
jurisdiction over Petitioner's remaining
claims. *See* 28 U.S.C. § 2253(c)(1).

*Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). Petitioner's petition, filed after April 24, 1996, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a petitioner is entitled to relief on a claim adjudicated in the state court only if the petitioner can establish the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based upon an unreasonable determination of facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). We presume state court factual findings are correct, and place the burden on the petitioner to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II.

The Arizona Court of Appeals concluded that a suspect is not entitled to have an attorney present prior to submitting to a sobriety test. The decision was not contrary to federal law. The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." U.S. Const. Amend. VI. The right to counsel attaches only upon the initiation of judicial criminal proceedings against the defendant, or when the government's role otherwise shifts from investigation to accusation. *See United States v. Hayes,* 231 F.3d 663, 667 (9th Cir.2000) (en banc) (citing *United States v. Gouveia,* 467 U.S. 180, 189, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984)). In the present case, state officials had not brought formal charges

against Petitioner. The deputy's request that Petitioner submit to a sobriety test is merely investigatory. *See Schmerber v. California,* 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Accordingly, Petitioner's Sixth Amendment right to counsel had not yet attached. *See Roberts v. Maine,* 48 F.3d 1287, 1290–91 (1st Cir. 1995) (rejecting argument that a suspect's right to counsel attaches prior to submitting to a sobriety test); *McVeigh v. Smith,* 872 F.2d 725, 727–28 (6th Cir.1989) (same); *Langelier v. Coleman,* 861 F.2d 1508, 1510 n. 3 (11th Cir.1988) (same); *see also Nyflot v. Minnesota Comm'r of Public Safety,* 474 U.S. 1027, 106 S.Ct. 586, 88 L.Ed.2d 567 (1985) (dismissing for lack of a substantial federal question Appellant's claim that her Constitutional rights were violated when she was refused counsel prior to submitting to a sobriety test).

The Arizona Supreme Court has held that due process guarantees a criminal suspect a reasonable opportunity to consult with counsel, in person or by telephone, prior to submitting to a blood test if such access would not unduly delay the investigation and arrest. *See Kunzler v. Pima County Superior Court,* 154 Ariz. 568, 744 P.2d 669, 672 (1987). This right is based on Arizona Rule of Criminal Procedure 6.1 which, although based on the federal right to counsel, provides more expansive rights.[3] Petitioner does not have a federal right to consult with counsel prior to submitting to a chemical sobriety test, or a federal right to have counsel physically present during the test.

Accordingly, the district court order denying habeas relief is AFFIRMED.

---

**3.** Under Rule 6.1, the right to counsel attaches "as soon as feasible after a defendant     is taken into custody. . . ."