NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PABLO JAVIER CASTILLO-ISLAS, *Appellant*.

No. 1 CA-CR 23-0163

FILED 10-01-2024

Appeal from the Superior Court in Yavapai County
No. P1300CR202001147
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Harris & Winger, P.C., Flagstaff
By Chad Joshua Winger
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

**W I L L I A M S**, Judge:

**¶1**      Defendant Pablo Javier Castillo-Islas appeals his conviction and sentence for one count of aggravated driving under the influence ("DUI"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Early one summer morning around 2:00 a.m., a concerned citizen called 911 to report a reckless driver. Within minutes, police located a vehicle matching the reported description parked on the side of the road. Castillo-Islas was the only occupant of the vehicle.

**¶3**      After conducting field sobriety tests, police officers advised Castillo-Islas of his *Miranda* rights and placed him under arrest.[1] Despite the officers' admonition, Castillo-Islas admitted he had consumed two drinks of vodka, one just twenty minutes before driving.

**¶4**      After taking Castillo-Islas into custody, the officers transported him to a local police station where, with his consent, they administered two breath tests at 3:18 a.m. and 3:24 a.m., respectively. The results showed a blood alcohol concentration (BAC) of .084 (first test) and .085 (second test). The officers then gave Castillo-Islas a document informing him of his right to seek an independent blood test, which he signed at 3:51 a.m.

**¶5**      To obtain a blood sample, the officers transported Castillo-Islas to a neighboring police station with a phlebotomist onsite. When they arrived, the officers told Castillo-Islas of their intent to draw his blood and he refused, saying: "[N]o one is touching my blood. I want to speak to a lawyer." On this record, it appears the refusal occurred about two hours after police first made contact with Castillo-Islas. Given his refusal, the officers abandoned their attempt to obtain a blood sample and booked Castillo-Islas into jail without asking him any further questions. They did

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

not, however, provide Castillo-Islas with a phone to call an attorney or otherwise accommodate his request to speak to one.

**¶6** The State charged Castillo-Islas with one count of endangerment, a Class 6 felony, and two counts of aggravated DUI, both Class 4 felonies. Before trial, Castillo-Islas moved to dismiss the charges, contending the State deprived him of his right to an attorney and to gather exculpatory evidence. Following an evidentiary hearing, the trial court denied the motion, concluding that Castillo-Islas's right to an attorney "was not violated nor was his right to collect exculpatory evidence."

**¶7** After a three-day trial, a jury convicted Castillo-Islas of one count of aggravated DUI but acquitted him of the remaining charges. At sentencing, the trial court placed Castillo-Islas on probation for five years and imposed the statutory minimum term of incarceration (four months). This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶8** Castillo-Islas argues the State failed to provide him with timely access to counsel, thereby preventing him from gathering exculpatory evidence. We review constitutional claims *de novo* but defer to a trial court's factual findings unless they are clearly erroneous. *State v. Rasul*, 216 Ariz. 491, 493, ¶ 4 (App. 2007); *State v. Dayton*, 257 Ariz. 31, 34, ¶ 7 (App. 2024).

## I. Violation of Right to Counsel

**¶9** On appeal, the State concedes that Castillo-Islas was denied "timely access to counsel." We agree.

**¶10** Both the federal and state constitutions guarantee criminal defendants the right to representation by counsel. U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. "The right to be represented by counsel includes the right to consult privately with counsel, or the counsel's agent, *as soon as feasible* after a defendant has been taken into custody[.]" Ariz. R. Crim. P. 6.1(a) (emphasis added).

**¶11** "[I]n a criminal DUI case, the accused has the right to consult with an attorney, if doing so does not disrupt the investigation." *State v. Juarez*, 161 Ariz. 76, 80 (1989). Once invoked, the right to counsel requires the police—unless otherwise justified—to provide the accused with access

to counsel because evidence concerning the accused's physical state—an element of the offense—"may be lost unless preserved within a relatively brief period of time." *State (Webb) v. City Court*, 25 Ariz. App. 214, 216 (1975).

¶12　　　　After officers transported him to the second police station, Castillo-Islas unequivocally invoked his right to counsel, stating he wished to speak to an attorney. Because police officers did nothing to honor that request and the State does not contend that affording him timely access to counsel would have impeded the DUI investigation, the only question is the proper remedy for the violation of Castillo-Islas's constitutional right.

## II.　Remedy

¶13　　　　Castillo-Islas contends that the violation compelled the dismissal of all charges against him, alleging the State's failure to provide him with timely access to counsel effectively prevented him from "collecting exculpatory evidence no longer available." The State, for its part, argues that the denial of timely access to counsel "did not interfere with [Castillo-Islas's] right to obtain exculpatory evidence under the unique facts of the case."

¶14　　　　We review a trial court's denial of a motion to dismiss a criminal prosecution for an abuse of discretion. *Taylor v. Cruikshank*, 214 Ariz. 40, 43, ¶ 10 (App. 2006). "A trial court abuses its discretion when it misapplies the law or predicates its decision on incorrect legal principles." *Id.* (quotation and citation omitted).

¶15　　　　"The right to counsel is an extension of the doctrine that defendants have the right to gather independent exculpatory evidence." *State v. Transon*, 186 Ariz. 482, 485 (App. 1996). To protect these rights, police officers conducting a DUI investigation "may not unreasonably interfere with an accused's reasonable attempts to secure, at his own expense, a blood or other scientific test for the purpose of attempting to establish evidence of his sobriety at or near the crucial time under consideration." *Smith v. Cada*, 114 Ariz. 510, 514 (App. 1977); *see also* A.R.S. § 28-1388(C) ("The person tested shall be given a reasonable opportunity to arrange for any physician, registered nurse or other qualified person of the person's own choosing to administer a test or tests in addition to any administered at the direction of a law enforcement officer."). Accordingly, when police conduct infringes on an accused's right to counsel and ability "to gather evidence exculpating him on the issue of intoxication," "[d]ismissal of the case with prejudice is the appropriate remedy." *McNutt v. Superior Court*, 133 Ariz. 7, 10 (1982). But when police officers' failure to

provide an accused with timely access to counsel does not impinge upon his ability to collect exculpatory evidence, the appropriate remedy is suppression of evidence obtained after the request for counsel was made. *State v. Keyonnie*, 181 Ariz. 485, 487 (App. 1995) ("[O]nly when police conduct interferes with both the defendant's right to counsel and his ability to obtain exculpatory evidence is [d]ismissal of the case with prejudice . . . the appropriate remedy[.]") (internal quotation and citation omitted); *see also State v. Rosengren*, 199 Ariz. 112, 118, ¶ 18 (App. 2000) ("[D]ismissal is not the exclusive or automatic remedy for a denial of the right to counsel, even in cases in which the defendant's alleged intoxication is essential to proving the offense.").

**¶16**　　　Guided by the principle that "[c]ourts narrowly tailor remedies for a violation of the right to counsel to avoid unnecessarily infringing on society's interest in the administration of criminal justice," *State v. Penney*, 229 Ariz. 32, 36, ¶ 17 (App. 2012) (internal quotation and citations omitted), we examine *McNutt* and *Keyonnie* to clarify the distinction in remedies.

**¶17**　　　In *McNutt*, the accused in a DUI investigation affirmatively requested to speak to an attorney and to obtain an independent blood test but was denied both. 133 Ariz. at 9. When police officers released him more than two hours after stopping his vehicle, the accused "immediately called his attorney who advised him that too much time had passed since the stop to obtain an independent blood test of any evidentiary value." *Id.* The trial court found the State had violated the accused's right to counsel and ordered a dismissal of the charges. *Id.* On appeal, the supreme court upheld the dismissal, determining the police officers' delay prevented the accused and his attorney from obtaining an independent test, thereby hindering their collection of exculpatory evidence. *Id.* at 9-10.

**¶18**　　　By contrast, here, Castillo-Islas never affirmatively requested independent testing. Had he done so, under *McNutt*, the police officers would have been obligated to provide him with an opportunity to obtain it. Otherwise, dismissal would be warranted.

**¶19**　　　In *Keyonnie*, the accused was taken into custody on suspicion of DUI, among other things. 181 Ariz. at 485. During the ensuing police investigation, the accused requested to speak with an attorney, but police did not provide him the opportunity. *Id.* After administering breath tests, police advised the accused of his right to independent testing, and the accused affirmatively invoked that right. *Id.* at 485-86. At that point, the officers released the accused and drove him to a nearby hospital so he could

arrange for the testing. *Id.* at 486. After the State charged the accused with DUI, the trial court dismissed the charges with prejudice. *Id.* On the State's appeal, this court held that suppression of all evidence obtained after the accused's invocation of his right to counsel was the proper remedy, not dismissal of the case. *Id.* at 487. Noting that a police officer had advised the accused of his right to an independent test, and even driven him to the hospital to obtain it, the court found that the violation of the accused's right to counsel did not hinder his ability to gather exculpatory evidence. *Id.*

¶20 Unlike the accused in *Keyonnie*, here, Castillo-Islas never affirmatively invoked his right to an independent test after police advised him of that right. In fact, when questioned about his receipt of the independent testing advisory form at the evidentiary hearing, Castillo-Islas acknowledged signing it without invoking the right, explaining that he "didn't care about anything at that moment."

¶21 Because Castillo-Islas never sought independent testing — either by requesting it directly or by asking for the opportunity to call an attorney to arrange such testing—the police officers' failure to promptly accommodate his request for counsel did not hinder Castillo-Islas's ability to collect exculpatory evidence. As such, on this record, the trial court did not abuse its discretion by denying Castillo-Islas's motion to dismiss. Rather, the appropriate remedy is suppression of evidence obtained after Castillo-Islas requested to speak to an attorney. *See Keyonnie*, 181 Ariz. at 487. Because police officers asked no additional questions of Castillo-Islas after he invoked his right to counsel, and because police administered both breath tests before he invoked his right to counsel, as a practical matter, there is no evidence to suppress.

## CONCLUSION

¶22 Accordingly, we affirm Castillo-Islas's conviction and sentence.

