648 P.2d 122

**Kenneth R. McNUTT, Petitioner,**

v.

**The SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, and The Honorable Gerald Strick, Judge thereof, and the State of Arizona, ex rel., Andy Baumert, Phoenix City Attorney, real party in interest, and The Hon. Ralph Smith, Judge of the City Court of Phoenix, Respondents.**

**Kenneth R. McNUTT, Plaintiff Appellee,**

v.

**STATE of Arizona, ex rel., Andy BAUMERT, Phoenix City Attorney, Defendant Appellant.**

**STATE of Arizona, Appellee,**

v.

**Kenneth R. McNUTT, Appellant.**

**Nos. 15957–SA, 15991 and 5555.**

Supreme Court of Arizona, In Banc.

June 1, 1982.

Rehearing Denied July 8, 1982.

As Amended July 9, 1982.

8

Minne & Sorenson by Roger J. Blake, Phoenix, for McNutt.

Andy Baumert, Phoenix City Atty., Marvin A. Sondag, Asst. City Prosecutor, George H. Bonsall, Asst. City Prosecutor, Phoenix, for respondents in No. 15957–SA for defendant appellant in No. 15991 and for appellee in No. 5555.

GORDON, Vice Chief Justice:

We have consolidated these three cases because they involve similar issues and the same parties. No. 15991 is an appeal from a superior court special action order granting Kenneth R. McNutt [hereinafter petitioner] a dismissal of a driving while intoxicated [DWI] charge under A.R.S. § 28–692. No. 15957–SA is a special action taken from the superior court's affirmance of petition-

er's revoked probation based on the same DWI charge. Petitioner also appealed that affirmance in No. 5555.

We have jurisdiction of Nos. 15991 and 5555 pursuant to Ariz.Const.Art. 6, § 5(3) and Ariz.R.Civ.App.P. 19(e); jurisdiction in No. 15957–SA is based on Ariz.Const.Art. 6, § 5(1). We affirm the superior court's decision in No. 15991; we grant petitioner's requested relief in No. 15957–SA; and we dismiss No. 5555. Each case is considered separately below.

*No. 15991*

Petitioner was arrested for suspicion of DWI on September 2, 1980. After being taken to the police station and apprised of his *Miranda* rights, petitioner requested that he be allowed to telephone his attorney. The police, without apparent reason, refused the request. Petitioner also informed the police of his desire to take an independent blood test after the police gave him a chemical breath test, and no action was taken on this request. At petitioner's urging, the arresting officer subsequently did call petitioner's former wife.

The police released petitioner to his former wife about two to two and one-half hours after the initial stop. Petitioner immediately called his attorney who advised him that too much time had passed since the stop to obtain an independent blood test of any evidentiary value.

Petitioner's case was filed in the City Court of Phoenix. He filed a motion to dismiss in that court claiming a violation of his rights to counsel and a fair trial under Ariz.R.Crim.P. 6.1 and the Sixth Amendment to the United States Constitution. His argument was that by denying him the opportunity to telephone his attorney when he made the request, the State denied him the right to gather exculpatory evidence (by means of an independent blood test) while the evidence still existed. Presumably, the attorney could have arranged for

the independent blood test petitioner requested at a time sufficiently close to when the state conducted its blood alcohol test.[1] The city court denied the motion to dismiss.

Petitioner then filed a special action in superior court challenging the city court's denial of his motion to dismiss. That court found a violation of petitioner's right to counsel and remanded the case to the city court with an order to dismiss it. The state brought this appeal from the superior court's order.

■■■ We agree with the superior court that the case should be dismissed. A.R.S. § 28–692(F) and constitutional standards of due process give a DWI suspect the right to obtain an independent blood test. *See Smith v. Cada*, 114 Ariz. 510, 562 P.2d 390 (App.1977). In the instant case, petitioner indicated a desire to take such a test but could not personally arrange for it near in time to when the state took its test because he was in custody. The state denied him the chance to have his attorney arrange for the test. This action by the state clearly violated petitioner's "right to consult in private with an attorney * * * as soon as feasible after a defendant is taken into custody" guaranteed by Ariz.R.Crim.P. 6.1(a). We agree with the Court of Appeals of New York, which said, "[L]aw enforcement officials may not, without justification, prevent access between the criminal accused and his lawyer, available in person or by immediate telephone communication, if such access does not interfere unduly with the matter at hand." *People v. Gursey*, 22 N.Y.2d 224, 227, 239 N.E.2d 351, 352, 292 N.Y.S.2d 416, 418 (1968); *see State ex rel. Webb v. City Court*, 25 Ariz.App. 214, 542 P.2d 407 (1975). In the instant case, the state offered no justification for denying petitioner's request to call his attorney, the attorney was available by telephone, and petitioner's call would not have unduly de-

1. Alcohol in the blood decomposes by enzyme action as the blood passes through the liver. An independent blood test would be exculpatory only if the state's test was in error, but when an independent reading is taken substantially later than the state's reading, one cannot determine whether the state's higher reading was in error or was due to decomposition of the alcohol.

layed the DWI investigation and arrest.[2] The state's action resulted in petitioner not being able to attempt to gather evidence exculpating him on the issue of intoxication.

Dismissal of the case with prejudice is the appropriate remedy because the state's action foreclosed a fair trial by preventing petitioner from collecting exculpatory evidence no longer available. *See Smith v. Cada*, 114 Ariz. 510, 562 P.2d 390 (App. 1977). We affirm the superior court's order remanding the case to city court with instructions to dismiss the complaint against petitioner.

*No. 15957–SA*

Petitioner was previously convicted of DWI on April 23, 1980. He was given a short jail sentence and two years supervised probation. A condition of that probation was that petitioner would "[a]t all times be a law abiding citizen." The state filed a petition to revoke the probation grounded on the subsequent September 2, 1980 DWI incident.

A hearing on the petition to revoke probation was held in the City Court of Phoenix. Petitioner filed a motion to dismiss on the basis that the ground for revoking probation was tainted by the state's denial of his right to counsel at the time of the

September 2, 1980 arrest. The motion was denied, probation was revoked, and petitioner's sentence was modified to 100 days in jail.

Petitioner appealed to the Superior Court of Maricopa County. That court affirmed the probation revocation and sentence modification. Petitioner brought this special action challenging the superior court's failure to remand the case to city court with instructions to dismiss the probation revocation petition.

■ We find that petitioner's probation cannot be revoked based on the September 2, 1980 incident. As discussed in connection with No. 15991, the state's denial of petitioner's right to consult with his attorney precluded any possibility of a fair trial on the charge because petitioner was thereby denied the right to gather exculpatory evidence. Although the standards of proof in the proceedings differ, the central issue to the DWI charge and the probation revocation is whether petitioner was driving while intoxicated on September 2, 1980. Because the state's actions prevented petitioner from gathering exculpatory evidence relevant to this issue, it also denied him the right to a fair hearing on the petition to revoke probation.[3] Due process must be

---

**2.** We note that in a DWI investigation, it is crucial for both the state and the defendant to gather evidence relevant to intoxication close in time to when the defendant allegedly committed the crime. Otherwise, any alcohol that may have been in the blood will have decomposed before the blood can be tested. Therefore, a defendant has no right to delay by demanding to consult with counsel before being required to choose between a blood alcohol test or possible driver's license suspension as provided for in A.R.S. § 28–691. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971). If after taking or refusing to take the test a defendant demands to contact a lawyer, he should promptly be given that opportunity. If the lawyer cannot be reached by telephone or cannot promptly appear where the defendant is, the state may continue with its detention procedures. *See Gursey, supra*. If the defendant is indigent and cannot afford an attorney, the state need not wait until one is appointed before continuing its detention procedures. The state should, however, allow the indigent defendant a reasonable opportunity to contact

a relative or friend who could also arrange for an independent blood test.

**3.** Thus, the instant case is fundamentally different from *State v. Alfaro*, 127 Ariz. 578, 623 P.2d 8 (1980). At issue in *Alfaro* was whether the exclusionary rule should be applied to probation revocation hearings. *Alfaro* pointed out that the primary purpose of the exclusionary rule is deterrence of fourth amendment violations. The fourth amendment exclusionary rule is not intended to insure (and in fact hinders) the validity of the fact-finding process. Balancing the harm to the rehabilitative goals of probation revocation hearings against the minimal benefit to be gained by applying the exclusionary rule to such hearings, we declined to require the use of the exclusionary rule in these hearings. But in the instant case, at stake is the probationer's right to present his or her version of the events at issue—a due process fourteenth amendment right. This right goes to the heart of insuring the validity of the fact-finding process.

afforded at probation revocation hearings, *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and the right to a fair probation revocation hearing is a fundamental ingredient of due process.

Therefore, we remand the petition to revoke probation in this case to the superior court with instructions to remand the case to the city court with an order to dismiss the petition.

*No. 5555*

In addition to the No. 15957–SA special action in the probation revocation case, petitioner also appealed the superior court's denial of his motion to dismiss and affirmance of the city court's actions. Although petitioner raises other issues in that appeal, he would be entitled to no greater relief than that rendered in No. 15957–SA. The state argues that there is no jurisdiction to consider the appeal because of A.R.S. § 22–375. We need not consider whether we lack jurisdiction or if the case is moot because the end result must be dismissal of the appeal.

No. 15991 is affirmed. No. 15957–SA is remanded to the superior court with instructions to remand the petition to revoke probation to the city court with an order to dismiss the petition. No. 5555 is dismissed.

HOLOHAN, C. J., and HAYS, CAMERON and FELDMAN, JJ., concur.