711 P.2d 592

**STATE of Arizona, Appellant,**

v.

**Robert Lee HOLLAND, Appellee.**

**No. 6637–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 9, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Maricopa Co. Atty., Phoenix, for appellant.

Roger Blake, Phoenix, for appellee.

CAMERON, Justice.

This is a review of an opinion and decision of the court of appeals affirming the dismissal with prejudice of one count of driving while under the influence of intoxicating liquor or drugs while license is suspended, revoked or refused, A.R.S. § 28–692(A); and one count of driving with a blood alcohol level of .10 or more while license is suspended, revoked or refused, A.R.S. § 28–692(B); both class 5 felonies, A.R.S. § 28–692.02. *State v. Holland,* 147 Ariz. 463, 711 P.2d 602 (1985). We granted the petition for review because of confusion in the law as evidenced by the decision

of the three judge court of appeals in which there was a majority opinion, a concurring opinion and a dissenting opinion. We have jurisdiction pursuant to art. 6, § 5(3) of the Arizona Constitution, A.R.S. § 12–120.24 and Rule 31.19, Ariz.R.Crim.P., 17 A.R.S.

The issues presented for review are:

1. Does a person arrested of the crime of driving while under the influence of intoxicating liquor have a right to privacy when consulting with counsel prior to deciding whether to take a breathalyzer test?

2. If so, did the trial court correctly dismiss the charges with prejudice for denial of defendant's right to a private consultation with counsel?

The facts follow. On 27 September 1983, the defendant, Robert Lee Holland, was arrested for driving while intoxicated. The police transported defendant to the police station and read him his *Miranda* rights. During questioning, defendant was allowed to call his attorney and leave a message on his attorney's answering service.

About fifteen minutes later, defendant's attorney returned his call and asked to have a confidential phone conversation with defendant. Defendant was allowed to talk with counsel on the telephone, but Officer O'Neal refused to leave the room. Instead, he stood near enough to defendant to hear his part of the telephone conversation. On account of the officer's ability to hear defendant's answers, counsel felt unable to ask several questions concerning defendant's condition and conduct prior to arrest. Without these questions and answers, counsel was unable to advise defendant how to proceed. Defendant then submitted to a breath test.

Later, defendant moved for dismissal of the charges against him claiming that he was deprived his right to consult in private with his attorney. The trial court granted the dismissal, with prejudice, and the court of appeals affirmed. *State v. Holland, supra.* This petition for review followed.

## PRIVATE CONSULTATION

Defendant claims that he was denied his right to consult privately with counsel because of the police officer's refusal to move out of earshot of his telephone conversation. This refusal, defendant's counsel stated in his affidavit, forced him to avoid asking defendant several questions, such as:

1. How much have you had to drink?
2. What type of alcohol?
3. How big were the drinks?
4. How much alcohol was in them?
5. When was your last drink?
6. Over what period of time were the drinks?
7. When did you last eat?
8. What did you eat?
9. Do you believe you are under the influence of alcohol now?
10. Do you believe you were under the influence of alcohol while you were driving?
11. Do you believe the alcohol affected your ability to drive?

Without this information, defendant's counsel stated that he was unable to advise defendant. Defendant contends that the officer's refusal to allow defendant to consult in private was a violation of defendant's right to counsel.

Both Arizona caselaw and the Rules of Criminal Procedure state that the right to counsel includes the right to consult in private with an attorney. *McNutt v. Superior Court,* 133 Ariz. 7, 9, 648 P.2d 122, 124 (1982); Rule 6.1(a), Ariz.R.Crim.P., 17 A.R.S.. Further, it is universally accepted that effective representation is not possible without the right of a defendant to confer in private with his counsel. *State v. Cory,* 62 Wash.2d 371, 382 P.2d 1019, 1020 (1963); Annot., 23 A.L.R. 1382, 1382 (1923); Annot., 54 A.L.R. 1225, 1225 (1928).

The state may not then, without justification, prevent access between a defendant and his lawyer, if available, in person or by telephone, when such access would not unduly delay the DWI investigation and arrest. *McNutt v. Superior*

**456**

*Court,* 133 Ariz. at 9–10, 648 P.2d at 124–125. In the instant case, it did not unduly delay the investigation to allow defendant to call his attorney. Once defendant began talking to counsel, he had a right to confidentiality so long as it did not impair the investigation or the accuracy of a subsequent breath test.

Relying on *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971), the state argues that defendant had no right to consult his attorney concerning whether to submit to a breathalyzer test. Therefore, any lack of privacy, in the instant case, is irrelevant.

We believe the state misreads *Campbell, supra.* Admittedly, under *Campbell* a person is not entitled to consult with counsel prior to deciding whether or not to take a breathalyzer. *Id.* As we noted in *McNutt, supra,* 133 Ariz. at 10 n. 2, 648 P.2d 122, "a defendant has no right to delay by demanding to consult with counsel before being required to choose a blood alcohol test or possible driver's license suspension as provided for in A.R.S. § 28–691." However, that is not the factual situation before us. Defendant is not arguing he was improperly denied the opportunity to consult with counsel prior to taking the breathalyzer test. Instead, defendant maintains that where, as in this case, a person is allowed to consult with counsel he has a right to do so in private. We agree.

 A person always has the right to consult with an attorney even when under the facts he need not be informed of this right. *Campbell* does not negate the right to counsel. All *Campbell* says is that the police need not wait for the defendant to consult with counsel before the sobriety tests are conducted. We believe the law is clear—if the defendant talks to his counsel, he must be allowed to do so in a meaningful way. On the facts of this case, defendant was denied the right to counsel by the refusal of the police officer to allow him to confer in private with his attorney.

#### DISMISSAL

Defendant contends that the proper remedy for a denial of his right to consult privately with counsel is dismissal. The state claims that suppression of the breath test is all that is required. Because we value the right to counsel so highly, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), when the right to counsel is violated, then the conviction obtained as a direct result must be set aside. This is the rule because it is impossible to foresee what advice would have been given defendant had he been able to confer privately with counsel. It is quite possible that he would have been instructed to obtain, in some manner, exculpatory evidence. Further, denial of his right to counsel affected the ability of defendant to prepare his defense as to charges under both A.R.S. § 28–692(A) and (B). Therefore, we agree with the trial court and the majority of the court of appeals that suppression of the breath test alone is an inadequate remedy and dismissal of both charges is required. *Amos v. Bowen,* 143 Ariz. 324, 328, 693 P.2d 979, 983 (App.1984).

Affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.