748 P.2d 1220

**Daniel GLORIA, Appellant,**

v.

**PIMA COUNTY SUPERIOR COURT and the Honorable William Scholl; Tucson City Court and the Honorable Thomas Martin, a Magistrate thereof, Respondents; and City Attorney's Office, a Real Party in Interest, Appellees.**

No. 2 CA–CV 87–0203.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 17, 1987.

Redesignated as Opinion and Publication Ordered Jan. 18, 1988.

Reconsideration Denied Jan. 18, 1988. Review Denied May 3, 1988.

Stephen Paul Barnard, Tucson, for petitioner/appellant.

Frederick S. Dean, City Atty. by M.J. Raciti, Tucson, for respondents/appellees and real party in interest.

OPINION[*]

FERNANDEZ, Judge.

Appellant Daniel Gloria, an attorney, was arrested for allegedly violating A.R.S. § 28–692(A), driving a motor vehicle while under the influence of intoxicating liquor. The only issue on appeal is whether the police officers prevented appellant from communicating with his attorney in private.

After appellant was arrested, he was taken to the police station and read his *Miranda* rights. He was then read the implied consent law. He responded, "Yes, I chose you, Galliger." Appellant then said he would not do anything until he had

---

[*] Per 1–18–88 Order.

spoken with his attorney. He requested that an attorney be called. The officer complied, the attorney was not home, and a message was left on an answering machine.

The officers then asked appellant if he wanted to call another attorney, and he requested that Larry Deckter, an attorney in appellant's law firm, be called. Officer Jones called Deckter, told him that appellant was under arrest for DUI and wanted to speak to him. Deckter agreed to speak with appellant. After a 15–second conversation, appellant handed the telephone to the officer, and Deckter asked the officer when appellant would be released. The officer replied that he would telephone Deckter again when he knew an approximate time of release.

The officer apparently then re-read the implied consent law and appellant said, "I'm not going to do anything until I talk to my attorney." The officer treated this as a refusal.

In denying appellant's motion to dismiss, the magistrate made extensive findings of fact, among which was the finding that the purpose of appellant's phone call to Deckter was not to obtain legal advice but rather to arrange for his release from custody. Appellant's special action to the Pima County Superior Court was denied.

On appeal, appellant contends the record shows that his right to speak privately with counsel was violated, requiring dismissal of the charges. We disagree.

The law in Arizona is clear that a defendant has a right to consult with an attorney in private. *State v. Holland*, 147 Ariz. 453, 711 P.2d 592 (1985). It is also clear that appellant, who is an attorney, has the same right as any other citizen to the services of an attorney.

The evidence here was that the officers allowed appellant to speak to an attorney whom they called. There is no evidence to support appellant's contention that the officers interfered with his consultation with his attorney. The evidence supports the court's finding that after a 15–second conversation with the attorney, ap-

pellant handed the phone back to the officer so that appellant's release status could be ascertained.

The *Holland* case involved an outright refusal to honor the defendant's request for a private consultation with his attorney. Here, there was no indication that the call was made to obtain legal advice. We find no improper conduct or interference by the officers.

Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.