924 P.2d 486

**STATE of Arizona, Appellant,**

v.

**Paul Scott TRANSON, Appellee.**

No. 1 CA–CR 95–0183.

Court of Appeals of Arizona,
Division 1, Department E.

March 12, 1996.

Reconsideration Denied March 28, 1996.

Review Denied Sept. 24, 1996.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for Appellant.

Patrick E. Eldridge, Phoenix, for Appellee.

## OPINION

VOSS, Judge.

On February 11, 1994, Phoenix police officers stopped a vehicle driven by Paul Transon (appellee). The officers suspected appellee was driving under the influence of intoxicating liquor (DUI) and requested that appellee submit to field sobriety tests. Appellee refused to submit to the field sobriety tests. Appellee was arrested for driving under the influence of an intoxicating liquor at 9:10 p.m. The officers transported appellee to the North Resource Bureau (NRB) of the Phoenix Police Department, arriving at approximately 9:20 p.m.

At 9:23 p.m., appellee was allowed to telephone his wife to come pick him up. However, before Mrs. Transon reached the NRB, Officer Campbell learned that appellee's driver's license was currently suspended. Under departmental policy, appellee would be charged with aggravated DUI and would be ineligible for release until the next morning.

Officer Campbell advised appellee of his *Miranda*[1] rights at 9:25 p.m. and of the implied consent law at 9:26 p.m. Appellee refused to submit to a breathalyzer test. Officer Campbell then commenced a twenty minute observation of appellee in the event appellee decided to submit to the breathalyzer. Appellee again refused to take the test at 9:49 p.m. The police then began preparing appellee to be transported to the Madison Street Jail. Appellee was transported at approximately 10:00 p.m.

Mrs. Transon arrived at the NRB between 9:26 and 9:40 p.m. and was informed that appellee could not be released. Mrs. Transon returned home and contacted attorney Kenneth Bemis at 9:40 p.m. who agreed to represent appellee. Mr. Bemis called the NRB at approximately 10:00 p.m. and requested to speak to appellee. Mr. Bemis was not able to speak to appellee nor at any time was appellee advised that Mr. Bemis wished to speak with him. Appellee never requested to speak to an attorney.

Appellee was charged with aggravated DUI. In the trial court, appellee filed a motion to suppress evidence regarding appellee's refusals to submit to the field sobriety and breathalyzer tests. The trial court denied the motion to suppress regarding the field sobriety tests but granted the motion regarding the breathalyzer test. The trial court felt suppression was appropriate "in the interest of fairness" because if allowed to speak to appellee, Mr. Bemis may have persuaded him to submit to the test.

The state then filed a motion to dismiss without prejudice so that it could appeal the trial court's ruling. The trial court dismissed the action on February 13, 1995. The state filed a timely notice of appeal.

## DISCUSSION

The narrow issue presented by this appeal is whether the police action in not informing appellee that an attorney retained by a third party had called and wanted to speak to him was a violation of appellee's right to counsel under the Arizona Constitution. Appellee contends the police conduct deprived him of his right to counsel under Article 2, Sections 4 and 24 of the Arizona Constitution.

Article 2, Section 24 provides that "[i]n criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel...." Article 2, Section 24's right to counsel is incorporated into Rule 6.1(a), Arizona Rules of Criminal Procedure (Rule 6.1(a)). Rule 6.1(a) provides:

A defendant shall be entitled to be represented by counsel in any criminal proceeding.... The right to be represented shall include the right to consult in private with an attorney, or the attorney's agent, as soon as feasible after a defendant is taken into custody, at reasonable times thereafter, and sufficiently in advance of a proceeding to allow adequate preparation therefor.

■ Arizona courts have established the rule that someone accused of DUI has the right to assistance of counsel in determining whether to submit to a breathalyzer test as long as speaking to counsel does not interfere with the investigation. *State v. Juarez,* 161 Ariz. 76, 81, 775 P.2d 1140, 1145 (1989);

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

*Kunzler v. Superior Court,* 154 Ariz. 568, 569, 744 P.2d 669, 670 (1987); *McNutt v. Superior Court,* 133 Ariz. 7, 9–10, 648 P.2d 122, 124–25 (1982).

■ Appellee also correctly asserts that a right to counsel component is contained within Arizona's constitutional Due Process Clause. The right to counsel is an extension of the doctrine that defendants have the right to gather independent exculpatory evidence. Arizona's Due Process Clause guarantees DUI suspects "a fair chance to obtain independent evidence of sobriety essential to his defense at the only time it [is] available." *Montano v. Superior Court,* 149 Ariz. 385, 389, 719 P.2d 271, 275 (1986) (alteration in original) (citing *Smith v. Ganske,* 114 Ariz. 515, 517, 562 P.2d 395, 397 (App.1977)). Numerous Arizona cases have found due process violations where police conduct interfered with a defendant's right to gather evidence of sobriety before the evidence naturally dissipates. *Id.* The right to a fair chance to gather exculpatory evidence includes reasonable access to counsel. *McNutt,* 133 Ariz. at 10, 648 P.2d at 125; *State v. Holland,* 147 Ariz. 453, 456, 711 P.2d 592, 595 (1985).

■ Appellee argues that the police interfered with his right to counsel for assistance in gathering exculpatory evidence. The sincerity of appellee's argument is, at best, highly suspect in light of the fact that appellee twice refused to take a breathalyzer test. While refusing the tests, appellee did not indicate any desire for independent sobriety testing.

■ Appellee's argument that the police deprived him of his right to counsel for purposes of deciding whether to submit to a breathalyzer test is also without merit. The police properly advised appellee of his *Miranda* rights and of his rights under the implied consent law. Under the *Miranda* warning, appellee was advised that he could request the assistance of counsel at any time during the investigation. Clearly, had appellee requested to speak to an attorney, any

unreasonable interference by the police would have violated his right to counsel. *See Juarez,* 161 Ariz. at 81, 775 P.2d at 1145; *Kunzler,* 154 Ariz. at 569, 744 P.2d at 670. However, appellee knowingly and voluntarily chose not to exercise his right to counsel. *See McNeil v. Wisconsin,* 501 U.S. 171, 178, 111 S.Ct. 2204, 2209, 115 L.Ed.2d 158 (1991) (to assert Fifth Amendment right to counsel, defendant must make a statement showing a desire for an attorney); *State v. Thornton,* 172 Ariz. 449, 453, 837 P.2d 1184, 1188 (App. 1992).

■ Appellee contends that Arizona's right to counsel is broader than the federal right. Appellee contends that police violated this broader right to counsel by not allowing an attorney retained by appellee's wife to contact appellee and not informing appellee of the attorney's desire to speak to him.

■ We have been unable to locate any authority for appellee's assertion that Arizona's right to counsel is broader than the federal right. Where, as here, the language of the federal and state constitutional provisions are substantially similar, we will use the same standard to analyze both provisions. *State v. Herrera–Rodriguez,* 164 Ariz. 49, 51–52, 790 P.2d 747, 749–50 (App.1989).[2]

In *Moran v. Burbine,* the United States Supreme Court reviewed this same issue in the context of the Fifth Amendment's right to counsel. 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). In *Burbine,* defendant was being interrogated while in custody. Despite being given proper Miranda warnings, defendant never requested to speak to an attorney. An attorney retained by defendant's sister without defendant's knowledge attempted to contact defendant but was told by police that defendant would not be questioned that day. Defendant was questioned and ultimately confessed to committing a murder.

■ The Supreme Court held defendant's Fifth Amendment right to counsel had not been violated by the police action towards the attorney. *Id.* at 420, 106 S.Ct. at 1140.

---

**2.** *Compare* U.S. Const. amend. VI ("the accused shall enjoy the right to … have the Assistance of Counsel for his defense.") *with* Ariz. Const. art. 2, § 24 ("the accused shall have the right to appear and defend in person, and by counsel …").

The Court based its holding on a knowing, voluntary waiver of right to counsel. *Id.* at 422–23, 106 S.Ct. at 1141–42. The Court further held the police action towards the attorney "could not possibly affect a suspect's decision to waive his Miranda rights unless he were at least aware of the incident." *Id.* at 423, 106 S.Ct. at 1142. The Court further stated the Constitution does not "require that the police supply a suspect with a flow of information to help him calibrate his self-interest in deciding whether to speak or stand by his rights." *Id.* at 422, 106 S.Ct. at 1141.

Appellee cites to *California v. Houston,* 42 Cal.3d 595, 230 Cal.Rptr. 141, 724 P.2d 1166 (1986), decided under the California Constitution, to support his contention that the right to counsel applies even where counsel is retained by someone other than the defendant, defendant is unaware of the counsel's presence, and defendant does not ask to see an attorney. *Id.,* 230 Cal.Rptr. at 142, 724 P.2d at 1167. However, even assuming that Arizona's constitutional right to counsel is as broad as California's, the facts of this case are distinguishable from those of *Houston* for two reasons. First, the *Houston* court's holding was premised on its inability to conclude that defendant's questioning was completed at the time "defendant's attorney" arrived at the police station. *Id.* Such is not the case here.

■ In the present case, the parties concede that Mr. Bemis did not attempt to contact appellee until after appellee's final breathalyzer refusal. The state did not attempt to introduce any evidence or statements obtained subsequent to Mr. Bemis' request to speak to appellee. Nothing Mr. Bemis could have advised appellee would have had any effect on appellee's refusal to take the breathalyzer test. Therefore, even assuming that the police conduct violated appellee's Article 2, Section 24 right to counsel, appellee was not prejudiced.

■ Second, even if we were to adopt *Houston* as the law of Arizona, we must still hold appellee's right to counsel was not violated. The *Houston* court held a suspect must be told if a lawyer comes to the police station before or during the suspect's interrogation. *Id.,* 230 Cal.Rptr. at 149, 724 P.2d at 1175. However, the court specifically left intact an earlier California case holding that a suspect need not be informed if an attorney telephoned the station wishing to speak to the suspect. *Id.* at 149 n. 16, 724 P.2d at 1175 n. 16 (citing *California v. Saidi–Tabatabai,* 7 Cal.App.3d 981, 86 Cal.Rptr. 866 (1970)). The California court distinguished between physical presence of an attorney at the police station and the attorney contacting the station by telephone. *Id.* at 152–53, 724 P.2d at 1177–78 (Bird, J., concurring and dissenting).

■ Although we are not deciding this case under the federal right to counsel, we find the logic of the United States Supreme Court persuasive. Appellee made a conscious and informed decision not to seek the advice of an attorney. Regardless of the helpful advice Mr. Bemis may possibly have given appellee, appellee's right to counsel cannot be infringed upon unless appellee actually asks for an attorney. Holding otherwise would illustrate a fundamental distrust of the effectiveness of the *Miranda* warning.

■ The Sixth Amendment right to counsel is a personal right. *United States v. Partin,* 601 F.2d 1000, 1006 (9th Cir.1979). Only appellee can decide whether to seek the assistance of counsel. *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975). Because appellee chose not to seek the advice of counsel before refusing a breathalyzer test, his right to counsel was not violated by the police conduct.

## CONCLUSION

The action of the police did not deprive appellee of his right to counsel. Appellee made a knowing and voluntary decision not to request the assistance of an attorney. The police conduct in refusing to allow Mr. Bemis access to appellee or not informing appellee of Mr. Bemis' presence had no impact on appellee's refusal to submit to a breathalyzer test or on appellee's ability to collect exculpatory evidence. Therefore, the

trial court improperly suppressed evidence of appellee's breathalyzer refusal.

We reverse and remand for further proceedings not inconsistent with this decision.

THOMPSON, J., concur.

GERBER, Judge, dissenting.

I respectfully dissent because counsel's advice could have been helpful to this defendant. In that light, the trial court's ruling was not an abuse of discretion.

The due process clause guarantees independent evidence of sobriety. The right to obtain independent evidence is not contingent upon taking the breath test. *Smith v. Cada,* 114 Ariz. 510, 512, 562 P.2d 390, 392 (App.1977). If allowed to speak to Transon, Bemis could have informed him about his rights under the due process clause. He also could have asked him pertinent questions similar to those in *State v. Holland,* 147 Ariz. 453, 455, 711 P.2d 592, 594 (1985). Based on these questions, Bemis could have advised him to take the breath test and/or ask for an independent test to develop exculpatory evidence. Subsequent consent to a breath test cures a prior refusal unless the delay would materially affect the test result or substantially inconvenience the police. *Gaunt v. Motor Vehicle Div., Dept. of Transp., State of Ariz.,* 136 Ariz. 424, 427, 666 P.2d 524, 527 (App.1983). Taking the test 10 to 15 minutes after the refusal would not have materially affected the test and, because the police already had the machine ready, any inconvenience would have been slight.

Thus, even at 10:00 p.m., Bemis could have (1) asked pertinent questions; (2) advised Transon to take the test and thereby rendered inadmissible his prior refusal; and (3) advised Transon to submit to independent testing to obtain exculpating evidence. Any one of these factors could have benefitted Transon. In light of *Houston,* 230 Cal.Rptr. 141, 724 P.2d 1166, and given that our standard of review is abuse of discretion, the trial court properly exercised his discretion in finding, in effect, that Bemis' advice, had he been allowed to give it, could have been

helpful to Transon. I would affirm his ruling.