232 P.3d 1259

**STATE of Arizona, Petitioner,**

v.

**The Honorable Richard WEISS, Judge of the Superior Court of the State of Arizona, in and for the County of Mohave; The Honorable Clyde Andress, Magistrate of the Lake Havasu City Court, Respondent Judges,**

**John Duncan Graham, Real Party in Interest.**

**No. 1 CA–SA 09–0098.**

Court of Appeals of Arizona, Division 1, Department A.

May 27, 2010.

Paul Lenkowsky, Lake Havasu City Attorney By Kristin Rienfeld, Assistant City Prosecutor, Lake Havasu City, Attorneys for Petitioner.

Pietig & Iannone, P.C. By Vincent A. Iannone, Jr., Lake Havasu City, Attorneys for Real Party in Interest.

## OPINION

THOMPSON, Judge.

¶ 1 On a petition for special action, the state asserts the Lake Havasu Consolidated Court (municipal court) erred in dismissing this driving under the influence (DUI) action against John Duncan Graham (defendant) and the Mohave County Superior Court erred in affirming dismissal. For the following reasons, we accept jurisdiction and grant the state relief.

¶ 2 The underlying facts are stipulated.[1] At or around 3:25 a.m. on July 20, 2008, defendant was arrested by an officer of the Lake Havasu City Police Department for violating Arizona Revised Statute (A.R.S.) § 28–1381(A)(1) (2001) for DUI. At the police station, when police attempted to administer a breath test, defendant invoked his right to counsel. At approximately 4:15 a.m., police allowed defendant his cell phone to contact attorney Lawrence Strauss. Defendant left a voicemail message. Eventually, police obtained a search warrant authorizing the seizure of defendant's blood and his blood was drawn at 5:16 a.m. Sometime after 7:00 a.m., perhaps as late at 7:30 a.m., attorney Strauss called the jail and attempted to speak with defendant. Strauss was not able to speak to defendant as he was being readied for his initial appearance before the magistrate. Defendant had his initial appearance at approximately 8:00 a.m. and was released on bond.

¶ 3 Defendant filed a motion to dismiss the DUI charges alleging interference with his Sixth Amendment right to counsel when jailors did not permit him to take the call from his counsel. The municipal court dismissed the matter on the stipulated facts. The superior court affirmed on appeal. The state then filed this special action.

¶ 4 The acceptance of special action jurisdiction is appropriate to determine this issue as there is no other remedy available for the improper dismissal of these charges. *State v. Superior Court*, 190 Ariz. 203, 206, 945 P.2d 1334, 1336 (App.1997) (taking special action jurisdiction over the dismissal of DUI charges; Ariz. R. Spec. Act. 1(a) (special action is available when there is no other equally plain, speedy or adequate remedy by appeal)).

¶ 5 While the decision to grant a motion to dismiss is reviewed for abuse of discretion as to the facts, legal questions are reviewed de novo. *State v. Hansen*, 156 Ariz. 291, 294, 751 P.2d 951, 954 (1988); *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). Finding that both the municipal and superior courts erred in applying the law on these stipulated facts, we reverse.

---

1. Although both parties proceed on the operative facts as stated herein and agree that the facts are as stipulated, we have neither a formal stipulation nor any document outlining the exact facts to which the parties have agreed. In his response to the state's petition for special action, defendant adopts the facts as put forth by the state. We note that while the factual section of the state's brief does not assert that defense counsel was unable to speak to his client when he called the jail, we will proceed as the parties do, on the facts as related in this opinion.

¶ 6 Defendant asserts, citing Arizona Rule of Criminal Procedure 6.1(a)[2] and a variety of Arizona cases, that he had a right to consult with his attorney if such access would not have unduly delayed the DUI investigation. Defendant claims that because jailors did not allow him to speak to his attorney when that attorney called, the jail committed a constitutional error of such magnitude that the only remedy is the dismissal of the charges against him. While cases such as *State v. Holland*, 147 Ariz. 453, 711 P.2d 592 (1985), *Kunzler v. Pima County*, 154 Ariz. 568, 744 P.2d 669 (1987), *Smith v. Cada*, 114 Ariz. 510, 562 P.2d 390 (App. 1977) and *McNutt v. Superior Court*, 133 Ariz. 7, 10, 648 P.2d 122, 125 (1982) discuss the right to counsel as a Sixth Amendment right even at the investigatory stage,[3] here the police indisputably met their obligations regarding the DUI suspect's right to counsel as proscribed in those cases.[4]

¶ 7 Police did in fact allow defendant to contact his attorney and leave a voicemail. Following that voicemail, police collected defendant's blood via a search warrant. The blood samples are available for defendant's use and testing and may be potentially exculpatory. There is no question that the evidence was obtained legally or that this investigatory stage was complete well before defendant's counsel ever attempted to return defendant's call.

¶ 8 By the time defense counsel attempted to contact defendant sometime after 7:00 a.m., the evidence had been collected and defendant was no longer in the custody of the arresting police agency. He was in jail, in

---

**2.** Rule 6.1(a), Arizona Rules of Criminal Procedure, reads:

**Right to be Represented by Counsel.** A defendant shall be entitled to be represented by counsel in any criminal proceeding, except in those petty offenses such as traffic violations where there is no prospect of imprisonment or confinement after a judgment of guilty. The right to be represented shall include the right to consult in private with an attorney, or the attorney's agent, as soon as feasible after a defendant is taken into custody, at reasonable times thereafter, and sufficiently in advance of a proceeding to allow adequate preparation therefor.

**3.** *See State v. Juarez*, 161 Ariz. 76, 80, 775 P.2d 1140, 1144 (1989) (Sixth Amendment right to counsel implicated in investigatory stage of DUI case).

**4.** The cases cited by defendant are all DUI cases. This is due to a uniquely consistent feature of DUI investigations, that is, that alcohol in the bloodstream is evanescent in nature. *See, e.g., State v. Rosengren*, 199 Ariz. 112, 116, 14 P.3d 303, 307 (App.2000). And,

in a D[U]I investigation, it is crucial for both the state and the defendant to gather evidence relevant to intoxication close in time to when the defendant allegedly committed the crime. Otherwise, any alcohol that may have been in the blood will have decomposed before the blood can be tested.

*McNutt*, 133 Ariz. at 10 n. 2, 648 P.2d at 125 n. 2.

Thus, a "DUI suspect has a qualified due process right to gather independent evidence of sobriety while it still exists, so long as exercise of that right does not unduly delay or interfere with the law enforcement investigation." *Rosengren,* 199 Ariz. at 117, 14 P.3d at 308 (citing *Kunzler, Holland, State ex rel. Webb v. City Court,* 25 Ariz.App. 214, 542 P.2d 407 (1975) and *Montano v. Superior Court,* 149 Ariz. 385, 389, 719 P.2d 271, 275 (1986)). "The right to counsel is an extension of the doctrine that defendants have the right to gather [that] independent exculpatory evidence." *State v. Transon,* 186 Ariz. 482, 485, 924 P.2d 486, 489 (App.1996). When the state unreasonably interferes with a DUI suspect's ability to gather exculpatory evidence on the issue of intoxication, "[d]ismissal of the case with prejudice is the appropriate remedy because the state's action foreclosed a fair trial" the evidence is no longer available. *McNutt,* 133 Ariz. at 10, 648 P.2d at 125. In *Holland,* our supreme court explained that dismissal was appropriate in the DUI context where the denial of counsel could have meant the failure or inability to collect exculpatory evidence. 147 Ariz. at 456, 711 P.2d at 595 ("This is the rule because it is impossible to foresee what advice would have been given defendant had he been able to confer privately with counsel. It is quite possible that he would have been instructed to obtain, in some manner, exculpatory evidence."); *see also State v. Sanders,* 194 Ariz. 156, 158, ¶ 9, 978 P.2d 133, 135 (App.1998) ("The remedy for a violation of the right to counsel [in the DUI context] is dismissal.").

The nature of the instant case, however, does not implicate the *McNutt* line of cases or their policy arguments related to evanescent exculpatory evidence. Given that the investigatory stage was already concluded here, we need not address today whether scientific and investigatory advancements in DUI matters, such as the routine use of search warrants and separate blood samples for the defense, alter the legal framework for future cases. *See Montano,* 149 Ariz. at 389–90, 719 P.2d at 275–76.

the sheriff's custody, being readied for his initial appearance. These factors are crucial to our analysis.

■ ¶ 9 Under the stipulated facts presented here, defendant's attorney contacted him after the DUI investigatory stage was complete and just prior to his initial appearance before the magistrate while he was in the control and custody of the sheriff. The initial appearance is not a critical stage in which the accused is in need of counsel, as one of the primary reasons for the initial appearance is for the accused to be advised of his right to counsel. *State v. Cook,* 150 Ariz. 470, 475, 724 P.2d 556, 561 (1986); *see State v. Lee,* 184 Ariz. 230, 234, 908 P.2d 44, 48 (App.1995) ("after arrest, defendants must be taken before a magistrate 'without unnecessary delay' for an initial appearance, at which time they will be informed of their right to counsel").

> In Arizona, an initial appearance is a proceeding at which a person is advised of his right to counsel and steps are taken toward obtaining counsel for subsequent proceedings ... Hence, no right to an attorney exists at the initial appearance on the day of the arrest.

*Cook,* 150 Ariz. at 475, 724 P.2d at 561.

■ ¶ 10 Arizona Rule of Criminal Procedure 4.2 governs initial appearances and it reads in pertinent part:

> **a. In General.** At the suspect's initial appearance, the magistrate shall:
>
> . . .
>
> (3) Inform the defendant of his or her rights to counsel and to remain silent;
>
> . . .
>
> (5) Appoint counsel if the suspect is eligible for and requests appointed counsel under Rule 6.

Generally, the Sixth Amendment right to counsel arises only when a defendant is formally charged with a crime. *Moran v. Burbine,* 475 U.S. 412, 428–32, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); *State v. Hall,* 129 Ariz. 589, 592, 633 P.2d 398, 401 (1981) (overruled on other grounds). Defendant was not automatically entitled to counsel at his initial appearance. Nor, while he was in the custody of the sheriff, was he automatically enti-

tled to speak to his counsel as he was being readied for his initial appearance.

■ ¶ 11 The role of the sheriff in Arizona is statutory. The sheriff not only has a statutory duty to take suspects before a magistrate for the initial appearance, he must do so without unnecessary delay. A.R.S. § 11–441(2)(2009); Ariz. R.Crim. Proc. 4.1(a). Section 11–441(A)(5) requires the sheriff to "[t]ake charge of and keep the county jail ... and the prisoners in the county jail." This statutory power confers the right upon the sheriff to manage jail facilities and to regulate jail visitation schedules, including visits by counsel. *Arpaio v. Baca,* 217 Ariz. 570, 578–580, ¶¶ 26–31, 177 P.3d 312, 320–322 (App.2008) (holding any ruling curtailing the sheriff's ability to regulate privileged visitation in the jails be narrowly tailored and infringe no more than necessary on the sheriff's statutory authority). Prison officials are even accorded leeway to infringe on certain constitutional rights when ensuring the safety of inmates and corrections personnel. *See id.* at 580, ¶ 30, 177 P.3d at 322 (citing *Bell,* 441 U.S. at 547, 99 S.Ct. 1861). Rule 6.1, Arizona Rules of Criminal Procedure, itself provides that a suspect is entitled to consult with counsel "as soon as feasible after a defendant is taken into custody, [and] *reasonable* times thereafter. . . ." (Emphasis added).

¶ 12 The superior court's minute entry states that defendant was denied the opportunity to speak to defense counsel "presumptively because the defendant was being prepped for his initial appearance" and affirmed dismissal in this case because the state "presented no evidence why it may have been reasonable to prevent the defendant access to counsel during initial appearance preparation time." Defendant has offered no explanation as to how he was prejudiced by the failure to allow him to speak to his counsel nor can we discern any. *See Transon,* 186 Ariz. at 485–86, 924 P.2d at 489–90 (in a DUI case where a right to counsel violation was alleged "even assuming the police conduct violated appellee's Article II, § 24 right to counsel, appellee was not prejudiced"). Any allegation by defendant that he was prejudiced by in-

fringement of his right to counsel, had he made such an allegation, would be evaluated in light of the sheriff's institutional requisites in meeting his statutory and constitutional obligations. *See Baca*, 217 Ariz. at 578, ¶ 26, 177 P.3d at 320.

¶ 13 For the reasons stated above, we find no violation of defendant's Sixth Amendment right to counsel and we reverse the superior court and reinstate the charges against defendant.

CONCURRING: PHILIP HALL, Presiding Judge and DANIEL A. BARKER, Judge.