NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ADRIAN MANUEL REYES, *Petitioner*,

*v.*

THE HONORABLE CRANE MCCLENNEN, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

STATE OF ARIZONA; CITY OF MESA, *Real Party in Interest.*

No. 1 CA-SA 16-0132
FILED 7-14-2016

---

Petition for Special Action from the Superior Court in Maricopa County
No. LC2016-000095-001 DT
The Honorable Crane McClennen, Judge

## JURISDICTION ACCEPTED; RELIEF GRANTED IN PART AND DENIED IN PART

COUNSEL

Coolidge Law Firm P.L.L.C., Chandler
By Todd K. Coolidge
*Counsel for Petitioner*

State of Arizona, Mesa City Prosecutor's Office, Mesa
By Craig Jones
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Kent E. Cattani joined.

---

**H O W E**, Judge:

**¶1**         Adrian Manuel Reyes seeks special action relief from the superior court's reversal of the municipal court's order dismissing his DUI charges. Reyes argues that the superior court erroneously concluded that Reyes did not have a right to counsel before police drew a blood sample because formal charges had not been filed and that Reyes' request for counsel did not apply to the DUI investigation.

**¶2**         A defendant has no right to direct appeal to this Court when the matter originates in a justice or municipal court and is appealed to the superior court. A.R.S. § 22–375. Because Reyes has no "equally plain, speedy and adequate remedy by appeal," special action jurisdiction is appropriate. Ariz. R.P. Spec. Act. 1(A). We therefore accept jurisdiction and for the following reasons grant Reyes relief in part and deny him relief in part.

## FACTS AND PROCEDURAL HISTORY

**¶3**         In March 2015, a Mesa police officer pulled Reyes over after seeing Reyes speeding. Upon noticing certain signs of alcohol impairment, the officer called for another officer to conduct a DUI investigation. The DUI officer administered several field sobriety tests, which Reyes failed. Based on these observations and results, the officer arrested Reyes for driving under the influence.

**¶4**         The officer read Reyes his *Miranda* rights and the Arizona Implied Consent Law. Reyes stated that he understood both and would voluntarily answer the officer's questions and give a blood sample. The officer handcuffed Reyes and placed him in the back of the police car. Before having Reyes' car towed, the officer searched it and took inventory of Reyes' personal property. Inside Reyes' vehicle, the officer found a backpack containing contraband.

**¶5**         The officer walked back to his police car with the backpack and asked Reyes to whom it belonged. Reyes responded that he wanted to

speak with an attorney. Accordingly, the officer finished the inventory search and transported Reyes to the police station. The officer did not ask Reyes any questions from the standard DUI worksheet, but did have a phlebotomist draw Reyes' blood. The police released Reyes on the DUI charges—two counts relating to driving under the influence and one count of possession of an open container—but nevertheless kept him in custody based on charges relating to the contraband found in the backpack.

¶6        Reyes moved to dismiss the DUI charges, arguing that the officer violated his right to counsel by drawing his blood without first allowing him to consult with an attorney. At the evidentiary hearing, the officer testified that he believed that Reyes' invocation of his right to counsel applied only to the contraband investigation. However, Reyes introduced the officer's prior statements from an administrative hearing that Reyes' invocation meant the officer had to be "hands off" and that it applied to the "whole investigation." The officer subsequently testified that he understood that he could not "ask any more questions or do any other tests" after Reyes asked for an attorney. The municipal court found that Reyes' request for an attorney applied to both the DUI and contraband investigations and that the police therefore violated Reyes' rights by drawing a blood sample without allowing Reyes an opportunity to speak with his attorney. Thus, the municipal court dismissed the DUI charges. The court also dismissed the open container charge, finding that Reyes' right to counsel extended to that matter as well.

¶7        The State appealed to the superior court, which reversed the dismissal, holding that Reyes' right to counsel did not attach before the blood draw. Specifically, the superior court stated that the rights to counsel under the Sixth Amendment to the United States Constitution and under the Arizona Constitution do not attach until formal charges are filed. The superior court also stated that although Arizona Rule of Criminal Procedure 6.1 offers a right to counsel before charges are formally filed, Reyes did not properly invoke that right. The superior court concluded that Reyes' request for counsel applied only to the contraband investigation because he had agreed to answer questions and provide the blood sample for the DUI investigation before asking to speak with an attorney.

## DISCUSSION

### 1. Motion to Dismiss

¶8        Reyes argues that the superior court erred by reversing the municipal court's order dismissing the DUI charges. We review the

superior court's order within the context of a special action for an abuse of discretion or for acting without jurisdiction or legal authority. Ariz. R.P. Spec. Act. 3. The municipal court bears the responsibility of resolving factual disputes. *State v. Vannoy*, 177 Ariz. 206, 209, 866 P.2d 874, 877 (App. 1993). An appellate court defers to the trial court's factual findings and determinations of witness credibility unless clearly erroneous, *Mack v. Cruikshank*, 196 Ariz. 541, 544 ¶ 6, 2 P.3d 100, 103 (App. 1999), but reviews the trial court's conclusions of law de novo, *State v. Olm*, 223 Ariz. 429, 432 ¶ 7, 224 P.3d 245, 248 (App. 2010). The superior court abuses its discretion if it incorrectly applies the law or grounds its decision upon irrational bases. *Brown v. Superior Court*, 137 Ariz. 327, 332, 670 P.2d 725, 730 (1983). Because the municipal court's finding that Reyes invoked his right to counsel for the DUI investigation while in custody was not clearly erroneous, the superior court erred in reversing the dismissal of the DUI charges.

¶9        In Arizona, a suspect is entitled to "consult in private with an attorney . . . as soon as feasible after [he] is taken into custody." Ariz. R. Crim. P. 6.1(A). This rule "recognizes the federal and state constitutional right to counsel," which the State may not unreasonably restrict. *Kunzler v. Pima Cty. Superior Court*, 154 Ariz. 568, 569, 744 P.2d 669, 670 (1987); *see also State v. Juarez*, 161 Ariz. 76, 80, 775 P.2d 1140, 1144 (1989). In DUI investigations, this right to counsel includes the right to consult with an attorney before deciding whether to submit to a blood alcohol test. *State v. Stanley*, 217 Ariz. 253, 258 ¶ 24, 172 P.3d 848, 853 (App. 2007). The police may interfere with a suspect's access to counsel only if allowing such access would impede the investigation. *State v. Penney*, 229 Ariz. 32, 35 ¶ 13, 270 P.3d 859, 862 (App. 2012). The State bears the burden of demonstrating that allowing a suspect to consult with an attorney when requested would have impeded the investigation. *State v. Rumsey*, 225 Ariz. 374, 377 ¶ 8, 238 P.3d 642, 645 (App. 2010).

¶10       Here, the record supports the municipal court's finding that the officer violated Reyes' right to counsel by drawing his blood for a DUI investigation without first allowing him to consult with an attorney. Reyes had a right to counsel "as soon as feasible" after he was arrested and placed in the police car under Rule 6.1(A). *See State v. Zamora*, 220 Ariz. 63, 68 ¶ 10, 202 P.3d 528, 533 (App. 2009) (providing that a person is in "custody" when a reasonable man would feel that he was deprived of his freedom of action in any significant way). As part of a DUI investigation, Reyes' right to counsel included the right to consult with an attorney before deciding whether to submit to a blood alcohol test. Although Reyes initially consented to have his blood drawn for a blood alcohol analysis, he unequivocally asked to speak with an attorney after the officer took

inventory of the items in Reyes' car—as part of the DUI investigation—and found the contraband. *Cf. State v. Transon*, 186 Ariz. 482, 486, 924 P.2d 486, 490 (App. 1996) (stating that a person's "right to counsel cannot be infringed upon unless [he] actually asks for an attorney"). The officer, understanding that Reyes' invocation meant "hands off," stopped questioning Reyes and took him to the police station and did not ask any questions. Nevertheless, the officer had a phlebotomist draw Reyes' blood for testing. As the State concedes, allowing Reyes to speak with an attorney before taking the blood sample would not have impeded the officer's DUI investigation. Thus, because Reyes had the right to counsel, the only remaining issue is whether Reyes invoked that right only for the officer's questioning about contraband in the backpack or if he invoked it for the DUI investigation as well.

¶11        The scope of Reyes' invocation of his right to counsel is a question of fact for the municipal court to decide. *See Vannoy*, 177 Ariz. at 209, 866 P.2d at 877. The record before the municipal court supports its finding that Reyes' invocation applied to the entire investigation. After Reyes failed the DUI officer's field sobriety tests, Reyes voluntarily agreed to answer the officer's questions and submit to a drug test. But when the officer found the backpack with the contraband while searching Reyes' car as part of the DUI investigation, Reyes clearly stated that he wanted to speak with an attorney. Reyes did not expressly limit his request to speak with an attorney to any specific part of the investigation. *Cf. State v. Nevarez*, 235 Ariz. 129, 135 ¶ 17, 329 P.3d 233, 239 (App. 2014) (concluding that the defendant's request for counsel was "expressly confined to a reading of the warrant" and not for all purposes of the investigation). The officer evidently believed that Reyes' invocation applied to the DUI investigation as well as the contraband investigation regarding the backpack because—as he testified at the hearing—he felt he could not ask any more questions or "do any other tests." The officer also confirmed during the hearing that he made a prior statement that he understood Reyes' invocation of the right to counsel meant "hands off." Thus, the municipal court's conclusion that these facts showed that Reyes invoked his right to counsel before proceeding with any part of the investigation, including the taking of testimonial or physical evidence, was reasonable and not clearly erroneous. The superior court—acting as an appellate court—erred by not deferring to it.

## 2. Remedy

¶12        Our resolution of this issue compels us to consider an issue decided by the municipal court but not explicitly addressed in the superior court. In granting Reyes' motion to dismiss the DUI charges, the municipal

court also dismissed the open container charge. A violation of a person's "right to counsel and the concomitant due process right to gather independent evidence of sobriety" requires dismissal only if evidence of intoxication is an essential element of the charge. *State v. Rosengren*, 199 Ariz. 112, 118 ¶ 17, 14 P.3d 303, 309 (App. 2000). Because intoxication is not an essential element of having an open container in a vehicle, the municipal court erred in dismissing this charge.

¶13        In Arizona, a person is prohibited from possessing an open container of "spirituous liquor" within the passenger compartment of a motor vehicle located on any public highway. A.R.S. § 4–251(A)(2). Here, the municipal court based its dismissal on the officer's violation of Reyes' right to counsel by obtaining a blood sample without affording him the opportunity to consult with counsel. Whether the results of that blood sample show that Reyes was intoxicated at the time he was pulled over does not satisfy an essential—or any—element of the open container charge. In fact, the blood sample would not be relevant to this charge. Thus, the municipal court erred in dismissing it for violation of right to counsel and we deny relief from the superior court's ruling reversing the dismissal.

## CONCLUSION

¶14        For the foregoing reasons, we grant Reyes relief from the superior court's ruling reversing the dismissal of the DUI charges, but deny relief from the superior court's ruling reversing the dismissal of the open container charge.



Ruth A. Willingham · Clerk of the Court
FILED: AA